## SHOTWELL MFG. CO. v. HARRISON.

### No. 46198.

District Court, N. D. Illinois, E. D.

April 5, 1938.

Hopkins, Starr & Godman, of Chicago, Ill., for plaintiff.

Micheal L. Igoe, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff sues to recover from defendant, Collector of Internal Revenue for the First District of Illinois, certain excise taxes paid on marshmallows manufactured and sold by plaintiff. The tax was levied on the theory that the marshmallows are candy while plaintiffs contend that they are not, but a food product.

Defendant has moved to dismiss. But one question is presented by this motion.

The complaint, as amended, shows that the tax complained of was levied on sales of marshmallows during the period between the first day of March, 1933, and the 10th day of May, 1935. The tax was paid between July 26, 1933, and May 9, 1935. On July 24, 1936, plaintiff filed a claim for refund with the Commissioner of Internal Revenue, and the Commissioner rejected the claim.

Attached to the amendment to the complaint is a copy of the claim for refund. The reasons given for the allowance of the claim were that the marshmallows were not candy but were "primarily adapted for, sold for, used and consumed as a 'cooking and table food' and as such are not candy and should have been exempt from the 2% excise tax on candy' ". It was not stated in the claim for refund that no part of the tax assessed against and paid by plaintiff was included in the price of the marshmallows nor collected from the vendees thereof, though the complaint contained averments to that effect, and it is alleged in the amendment to the complaint that the requirement of Section 621 of the Revenue Act of 1932, 26 U.S.C.A. end of c. 20, and of Treasury Regulation 46 Art. 71, that the taxpayer file a sworn statement, as a part of his claim for refund, establishing that he has not included the tax sought to be refunded in the price of the article with respect to which it was imposed and has not collected the amount of the tax of the vendee, was waived by the Commissioner by his act in accepting and considering the claim for refund filed by the taxpayer and rejecting said claim for refund in full upon its merits.

The motion to dismiss was entered before the amendment to the complaint was filed, but it was agreed that the motion should stand to the complaint as amended. It is the contention of the Government that the failure of plaintiff to set out in the claim for refund that the tax was not included in the price of the marshmallows is fatal to this action. Counsel for the Government call the attention of the court to section 3226, Revised Statutes, as amended by Section 1103 (a) of the Revenue Act of 1932, 26 U.S.C.A. §§ 1672–1673, Section 621 (d) of the Revenue Act of 1932 and Treasury Regulations 46, Art. 71.

Treasury Regulations 46, Art. 71, prior to November 12, 1935, provided, inter alia, that no refund would be made unless the taxpayer should file a sworn statement explaining satisfactorily the reason for claiming the refund and establishng that he had not included the tax in the price of the article.

This regulation was amended November 12, 1935 (Treasury Decision 4605), prior to the time of the filing of plaintiff's claim for refund. The decision first provided that preceding Article 71 certain provisions should be inserted, and then "Article 71

as amended by Treasury Decisions 4413, approved December 6, 1933, and 4427, approved April 10, 1934, is further *amended to read as follows:*" (Italics mine.) The effect of this amendment was to repeal all the provisions of Article 71 as it had formerly stood except those included in the amendment. Great Northern Ry. Co. v. U. S., 8 Cir., 155 F. 945. The amendment of November 12, 1935, omitted the provisions requiring the taxpayer to establish that he had not included the tax in the price of the article nor collected the tax from the vendee. The Government cannot, therefore, rely upon a non-compliance with the provisions of this Article to defeat plaintiff's claim.

■ There remains the question whether plaintiff has complied with the statutes.

Section 3226, Revised Statutes, as amended (U.S.Code Title 26, Secs. 1672–1673, 26 U.S.C.A. §§ 1672–1673), denies to a claimant the right to maintain an action for taxes unlawfully assessed until he has filed a claim for refund with the Commissioner. Section 621 (d) of the Revenue Act of 1932 provides that no overpayment of tax shall be credited or refunded, in pursuance of a court decision or otherwise, unless the person who paid the tax establishes, in accordance with the regulations prescribed by the Commissioner with the approval of the Secretary, either that he did not include the tax in the price of the article or collect the amount from the vendee, or that has repaid the amount of the tax or that he file with the Commissioner written consent of the ultimate purchaser to the allowance of the claim. As we have seen, at the time the claim for refund was filed there were no regulations concerning the establishment of the fact that the tax was not included in the price of the article. And I do not think that the act, in terms, required the taxpayer to set forth that fact in his claim for refund. The taxpayer here did set out in the claim his reasons for asking for the refund, i. e., that the marshmallows were not candy. That was the basis for the claim for refund. It is true that the Commissioner could not repay the moneys claimed unless it was shown that the tax had not been included in the price of the marshmallows, or if included, had been repaid to the vendee, or the written consent of the vendee to the refund had been filed with the Commissioner, but I am of the opinion that the failure to present to the Commissioner evidence that the tax had not been included in the price (that being the contention of the plaintiff here) does not bar the present action. The Commissioner rejected the claim on the ground that the marshmallows were not candy. Had he found for plaintiff on that issue, then, before ordering the refund, he was required by the statute to demand proof that the tax was not included in the price, or, if included, that the amount of the tax had been refunded, or that the written consent of the vendee to the allowance of the claim be filed. Plaintiff says it would have been established by evidence that the tax had not been included in the price had the claim not been rejected.

Various authorities have been cited in the briefs of counsel, but I do not think any of them are in point on the question we are considering here.

Defendant's motion to dismiss will be denied.