### D. GOTTLIEB & CO. v. HARRISON.
#### No. 46182.

District Court, N. D. Illinois, E. D.

June 27, 1938.

Supplemental Opinion Jan. 23, 1939.

Russell, Murphy & Pearson, of Chicago, Ill., and D. Louis Bergeron, of Washington, D. C., for plaintiff.

Micheal L. Igoe, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff sues to recover certain excise taxes paid upon devices manufactured by it known as Pin Games, Pin Tables and Pin Marbles or Games. The tax was levied by the Commissioner on the theory that these devices were taxable as games under the provisions of Section 609 of the Revenue Act of 1932, 26 U.S.C.A. end of c. 20. The tax was paid in monthly installments commencing in July 1933 and ending January 1, 1935. A claim for refund for the amounts paid from February 1, 1935, to December 31, 1935, inclusive, was filed with the Commissioner on or about May 14, 1935, and was rejected August 21, 1936. The reasons for the refund as set forth in the claim were that plaintiff's devices were not taxable as games within the meaning of Section 609 of the Revenue Act of 1932. Defendant has moved to dismiss, the grounds of the motion being that the complaint does not show plaintiff filed with the Commissioner, while the claim for refund was pending, evidence that it had not included the tax in the price of the article with respect to which the tax was imposed, or collected the amount of the tax from the vendee, or, if the tax had been so collected, evidence that it had repaid the amount of the tax to the ultimate purchaser of the article or filed written consent of the purchaser to the allowance of the credit or refund. Neither is it alleged in the complaint that the tax was not collected from the purchaser, or, if collected that the amount of the tax was returned to the ultimate purchaser or the purchaser had consented to the allowance of the credit or refund.

To maintain its position defendant relies upon Article 71 of Treasury Regulations 46 and Section 621 of the Revenue

Act of 1932, 26 U.S.C.A. end c. 20. In Shotwell Mfg. Co. v. Harrison, Collector, 27 F.Supp. 422, I held that Article 71 of Treasury Regulations 46, contained no provisions concerning this matter. The amendment of said Article on November 12, 1935, eliminated the provisions requiring the taxpayer to establish that he had not collected, or if collected, had not retained the tax. The ruling upon defendant's motion, therefore, must be determined solely from the provisions of Section 621 of the Revenue Act of 1932.

█ This section is quite ambiguous. It provides that no overpayment of the tax shall be credited or refunded, *in pursuance of a court decision or otherwise,* unless the person who paid the tax establishes in accordance with the regulations prescribed by the Commissioner with the approval of the Secretary that he has not included the tax in the price in the article, etc. This might be construed to mean that the evidence to establish the fact (in the event of a rejection of the claim by the Commissioner) need not be presented until after a determination by the court of the question of whether the tax was lawfully assessed. This construction seems absurd, and yet one is at a loss to know what other meaning may be given the language used by Congress.

The act provides that the required fact shall be established in accordance with the regulations prescribed by the Commissioner with the approval of the Secretary. But, as we have seen, at the time the claim for refund was filed the Commissioner had prescribed no rules. There was nothing in either the statute or regulations to inform the taxpayer that he must submit evidence to establish the fact with his claim for refund. It will be observed that the act does not provide for the submission of evidence of the fact but requires the claimant to establish the fact. To establish the fact means to submit evidence sufficient to satisfy the Commissioner. A mere affidavit filed with the claim might be insufficient. A claimant might well conceive the idea that what Congress intended was that if the claim were allowed the Commissioner would have a hearing on the question of claimant's right to receive a return of the money, and then, and then only, would he be required to produce the evidence.

█ That such was the construction placed on the act by many is evidenced by. the number of cases in this court in which this question is involved. And the rule is well settled that where there is a reasonable doubt as to the meaning of a taxing act it should be construed most favorably to the taxpayer. White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. 20.

█ The Commissioner rejected the claim for refund on the ground that the devices manufactured and sold by plaintiff were taxable under Section 609 of the Revenue Act of 1932. I am of the opinion that plaintiff under the circumstances was not then required to establish on the hearing before the Commissioner the other facts which must be established before the amount of the tax may be refunded.

█ It seems to me, however, that in the orderly administration of justice, plaintiff should aver in his complaint all the facts that the statute requires to be proven before he may be repaid the money collected on account of the tax. If plaintiff will amend his declaration so that it will set out such facts, the motion to dismiss will be denied.

### Supplemental Opinion.

█ On the twenty-seventh day of June, 1938, I filed a memorandum in this case in which I held that it was not necessary that the complaint should show that plaintiff had filed with the Commissioner, while the claim for refund was pending, evidence that it had not included the tax in the price of the article with respect to which the tax was imposed, or, if the tax had been so included, evidence that it had repaid the amount of the tax, or filed written consent of the purchaser to the allowance of the refund but indicated that the complaint should contain averments to the effect that the tax had not been included in the price, or had been repaid, or consent to the allowance of the refund had been obtained from the purchasers.

Plaintiff now contends that such a showing is not necessary. Counsel argue that Sec. 621(d) of the Revenue Act of 1932, 26 U.S.C.A. end c. 20, relates only to moneys collected as "taxes excessive in amount (overpayment)" and not to "taxes erroneously or illegally assessed and collected. I have carefully considered the arguments advanced by plaintiff and the authorities cited in its brief, and cannot agree. In my opinion the term "overpayment" used in Section 621(d) is broad enough to include payments erroneously or illegally assessed as well as payments of excessive amount.

Plaintiff, may, if it chooses, amend its complaint accordingly. Otherwise the defendant's motion to dismiss will be sustained.