**CON–ROD EXCHANGE, Inc., v. HENRICKSEN, Acting Collector of Internal Revenue.**

**No. 8570.**

District Court, W. D. Washington, S. D.

Oct. 8, 1938.

Wright, Jones & Bronson, of Seattle, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., and Thos. R. Winter, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash., for defendant.

CUSHMAN, District Judge.

Treasury Regulations 46, Art. 71, in part, provides:

\* \* \* \* \* \*

"If any person overpays the tax due with one monthly return, he may either file a claim for refund on Form 843 or take credit for the overpayment against the tax due with any subsequent monthly return. In all cases (except those referred to in section 621(a), discussed under the preceding paragraphs of this article) where a person overpays tax, no credit or refund shall be allowed, whether in pursuance of a court decision or otherwise, unless the taxpayer files a sworn statement explaining satisfactorily the reason for claiming the credit or refund and establishing *(1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that he has either repaid the amount of the tax to the ultimate purchaser of the article or has secured the written consent of such ultimate purchaser to the allowance of the credit or refund. In the latter case the written consent of the ultimate purchaser must accompany the sworn statement filed with the credit or refund claim.* The statement supporting the credit or refund claim must also show whether any previous claim for credit or refund covering the amount involved, or any part thereof, has been filed with the collector or Commissioner." (Italics the Court's.)

The Claim filed by plaintiff was as follows:

\* \* \* \* \* \*

"State of *Washington,* } ss:
  County of *King*

Name of taxpayer
  or purchaser of
  stamps          *Con Rod Exchange, Inc.,*
Business address *812 Ea. Pike   Seattle*
                      (Street)          (City)
*Washington*
  (State)
Residence ..............................

428

The deponent, being duly sworn according to law, deposes and says that this statement is made on behalf of the taxpayer named, and that the facts given below are true and complete:

1. District in which return (if any) was filed    *Washington*
2. Period (if for income tax, make separate form for each taxable year) from *10/1 1933,* to *8/31, 1936*
3. Character of assessment or tax *Manufacturers Excise Tax*
4. Amount of assessment, *$254.80*; Dates of payment *August, 26, 1937*
5. Date stamps were purchased from the Government.
6. Amount to be refunded........*$254.80*
7. Amount to be abated (not applicable to income or estate taxes)..............
8. The time within which this claim may be legally filed expires, under Section *3228 (a) Rev. Stat.* of the Revenue Act of 19—, on August 26, 1941

The deponent verily believes that this claim should be allowed for the following reasons:

The sales or transactions upon which the tax was assessed were not sales of goods manufactured or produced by the taxpayer within the intent and purpose of Section 606 of the Revenue Act of 1932.

The above assessment includes additional tax in the amount of $189.67, penalties of $50.31 and interest of $14.82. It was assessed on account of repairs and exchange of used auto parts consisting principally of rebabbitted connecting rods. The tax-payer did not manufacture the merchandise sold. The case falls within the scope of Hempy-Cooper Mfg. Co. v. U. S. A.,[1] D.C. U.S.; W. District of Mo., W.D., May 6, 1937, and Monteith Bros. Co. v. U. S. A.,[1] D.C.U.S.; N. District of Ind., South Bend Div. October 5, 1937.

> Con Rod Exchange, Inc.
> By Richard S. Seward, President

Sworn to and subscribed before me this *24* day of *August,* 1937

L. Hicks Taylor Notary Public."

The denial by the Commissioner of plaintiff's claim was as follows:

> "Treasury Department
> Washington

MT:ST:JNG
Cl. S-56963          November 10, 1937
Con Rod Exchange, Inc.,
  812 East Pike Street,
    Seattle, Washington.

Gentlemen: Reference is made to your claim for the refund of $254.80, representing tax, penalty and interest assessed under the provisions of section 606 (c) of the Revenue Act of 1932, for the period October 1, 1935 to August 1, 1936, inclusive.

The claim is based on the contention that rebabbitted connecting rods are not subject to tax. In this connection you refer to the decisions rendered in the cases of Monteith Brothers Company v. the United States and Hempy-Cooper Mfg. Co. v. the United States.

You are advised that the Bureau holds that rebabbitted connecting rods which are placed in stock for sale or exchange are subject to the tax imposed by section 606 (c) of the Revenue Act of 1932. In computing the tax due on the sale of these articles, the amount allowed for the unserviceable part taken in trade should be included in the amount on which the tax is computed.

With respect to the decisions rendered in the cases of Monteith Brothers Company, v. the United States in the District Court for the Northern District of Indiana, South Bend District and the Hempy-Cooper Mfg. Co. v. the United States in the District Court of the United States for the Western Division of Missouri, Western District, you are advised that the Bureau has taken the position that these decisions are confined to those cases and will not be considered as precedents for other cases where similar facts are involved. The decisions are regarded as making no change in the position heretofore taken by the Bureau with respect to the taxability of rebabbitted connecting rods and will not be considered as a basis for the adjustment of claims filed by other taxpayers.

In view of the above, the claim is rejected in full.

> Respectfully,
> Guy T. Helvering, Commissioner.
> By: (SGD) D. S. Bliss,
> Deputy Commissioner

cc-Tacoma, Washington."

The Commissioner's consideration and denial of the claim, being upon the merits, constituted a waiver of the informality of plaintiff's claim in failing to comply with the Commissioner's regulation in the foregoing respect. United States v. Garbutt Oil Co., 302 U.S. 528–533, 534, 58 S.Ct. 320, 82 L.Ed. 405; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278,

---

[1] No opinion for publication.

77 L.Ed. 619; University Distributing Co. v. United States, D. C., 22 F.Supp. 794. See also: section 322 (d) of the Revenue Act of 1938, 26 U.S.C.A. § 322 (d).

The Motion to Dismiss will be denied.

Any Order based upon the foregoing will be settled upon notice.

The Clerk is directed to notify the attorneys for the parties of the filing of this decision.