### S. & R. GRINDING & MACHINE CO. v. UNITED STATES.

#### No. 9112.

District Court, W. D. Pennsylvania.

March 23, 1939.

Jno. A. McCann, of Pittsburgh, Pa., for plaintiff.

Jas. W. Morris, Asst. Atty. Gen., C. F. Uhl, U. S. Atty., and Orris Bennett, Asst. U. S. Atty., both of Pittsburgh, Pa., and Andrew D. Sharpe, Jas. W. Garland, and Courtnay Hamilton, Sp. Assts. to Atty. Gen.

SCHOONMAKER, District Judge.

By this action filed April 11, 1938, plaintiff seeks to recover $1,314.92, representing manufacturers' excise tax alleged to have been erroneously assessed and collected under Section 606(c) of the Revenue Act of 1932, 26 U.S.C.A. end of c. 20.

Defendant filed an affidavit of defense under the Pennsylvania Practice Act, 12 P.S.Pa. § 382 et seq., raising questions of law, which is the equivalent of a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12 of the new Rules of Civil Procedure 28 U.S.C.A. following section 723c.

It is the contention of the defendant that the plaintiff cannot recover, because it appears by its complaint in this case that it has failed to comply with the statutes and regulations relating to the refund of excise taxes.

The complaint discloses that plaintiff, from August 5, 1932, to November 30, 1937, sold connecting rods which it had repaired, but did not manufacture, merely rebabbiting them by way of repairing and reconditioning; that in the process of rebabbiting, none of the identifying symbols or trademarks were removed therefrom, or obliterated; that none of such connecting

rods lost their identity in this process, which consisted in melting and removing therefrom the old, worn babbit-metal bearings, and in casting therein new babbit-metal bearings, and in grinding, polishing, and grooving them so as to make such rods again suitable as operating parts of motors; that such connecting rods were not automobile parts or accessories; that plaintiff did not at any time import any connecting rods, but obtained them from sources within the United States; that plaintiff did not include the excise taxes paid, or any part thereof, in the price of the rods sold by it, and did not collect the same, or any part thereof, from the vendees to whom it sold the rods, but on the contrary, the plaintiff bore the whole burden of these taxes; that the Commissioner of Internal Revenue erroneously determined that such repairing constituted manufacture of such rods, and thereupon compelled plaintiff to pay a so-called manufacturer's excise tax upon the sale of such rods in the total amount of $1,314.92, which payment was made under protest; that claims for the refund of the excise taxes so paid were duly filed by plaintiff and rejected by the Commissioner of Internal Revenue.

On this state of facts, the plaintiff contends it is entitled to recover the excise taxes so paid; and the defendant contends the plaintiff is not entitled to recover, because the complaint fails to show that a valid claim for refund of these taxes has been made, in that the claims for refund did not disclose that the plaintiff did not include the tax in the price of such rods, or collect the tax from its vendees, as required by Section 621(d) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 267, 26 U.S.C.A. end of c. 20, and Article 71 of Treasury Department Regulations promulgated thereunder.

The claims for refund attached to the complaint (Exhibits I and II) do not disclose whether these excise taxes were included in the price of the goods sold, or whether the plaintiff collected from the vendees; but the complaint alleges that to be a fact.

The claims for refund were rejected on the merits, because the Commissioner found the plaintiff was liable for the tax, and not because the plaintiff had failed to allege in its claims for refund that the taxes paid were not included in the price of the articles sold, and were not collected from the vendees. See letters of the Commissioner rejecting the claims (Exhibits III and IV) attached to the complaint.

In that situation, we hold the Commissioner waived any departmental regulation requiring that claims for refund show the plaintiff had not included the tax in the price of the articles sold or collected the same from the vendee.

Our authority for that conclusion is based on United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 281, 77 L.Ed. 619, where Mr. Justice Cardozo said: "The Commissioner has the remedy in his own hands if the claim as presented is so indefinite as to cause embarrassment to him or to others in his Bureau. He may disallow the claim promptly for a departure from the rule. If, however, he holds it without action until the form has been corrected, and still more clearly if he hears it, and hears it on the merits, what is before him is not a double claim, but a claim single and indivisible, the new indissolubly welded into the structure of the old."

And again, the Supreme Court, in commenting on United States v. Memphis Cotton Oil Company, supra, in United States v. Garbutt Oil Company, 302 U.S. 528, 533, 58 S.Ct. 320, 323, 82 L.Ed. 405, takes the same view, Mr. Justice Roberts saying: " * * * In the cited case, and others decided at about the same time, we held that, while the Commissioner might have enforced the regulation and rejected a claim for failure to comply with it in omitting to state with particularity the grounds on which the claim was based, he was not bound to do so, but might waive the requirement of the regulation and consider a general claim on its merits."

Our view is further supported by Gottlieb v. Harrison, 27 F.Supp. 424, in the District Court for the Northern District of Illinois, Eastern Division, decided June 28, 1938 (1938 C.C.H. Standard Tax Service at par. 9432), where that court said: "The Commissioner rejected the claim for refund on the ground that the devices manufactured and sold by plaintiff were taxable under Section 609 of the Revenue Act of 1932. I am of the opinion that plaintiff under the circumstances was not then required to establish on the hearing before the Commissioner the other facts which must be established before the amount of the tax paid may be refunded."

To the same effect is the ruling in Con-Rod Exchange, Inc., a Corporation, v.

Henricksen, Collector, 27 F.Supp. 427, in the United States District Court, Western District of Washington, Southern Division, decided October 8, 1938 (1938 C.C.H. Standard Tax Service, at par. 9533), in which that court was considering the same taxing statute and the same regulations involved in the instant case, and in which District Judge Cushman said: "The Commissioner's consideration and denial of the claim, being on the merits, constituted a waiver of the informality of the plaintiff's claim in failing to comply with the Commissioner's regulation in the foregoing respect."

 The plaintiff further contends that when it filed its claims for refund on March 31, 1937, and January 22, 1938, there were no Treasury Regulations in effect which would require plaintiff to file a sworn statement to the effect that it had not included the tax in the price of the article, or collected the tax from the vendee, because this provision of Article 71 of Regulation 46 was amended on November 12, 1935, by Treasury Decision 4605 so as to omit the former provisions of Article 71 with reference to inclusion of the tax in the price of the article sold, and the collection of the tax from the vendees. There is merit in this contention. The amendment of November 12, 1935, states: "Article 71, as amended by Treasury Decision 4413, approved December 6, 1933, and 4427, approved April 10, 1934, is further amended to read as follows: * * *."

As we construe this language, what follows is the complete revision of Article 71, and a substitute for the original. Had it been intended merely to add something to Article 71, the enacting part of the Regulation would have stated: "Article 71 is further amended by adding thereto the following." This view is supported by Shotwell Mfg. Co. v. Harrison, 27 F.Supp. 422 (1938 C.C.H. Standard Tax Service at paragraph 9296), and Gottlieb v. Harrison, supra.

In any event, there was no necessity for the plaintiff to have established in the hearing before the Commissioner that it had neither included the tax in the price of the article sold, nor collected the tax from the vendee, because the Commissioner rejected the claim on the merits.

Section 621(d) of the Revenue Act of 1932 is a restriction against the crediting or refunding of an overpayment of tax under the Act "in pursuance of a court

decision or otherwise," unless the person who has paid the tax establishes, in accordance with regulations that he has not included the tax in the price of the article or collected the amount from the vendee. The Commissioner found there was no overpayment of tax in the instant case. Therefore there was no necessity for claimant to establish that the tax had not been passed on to the vendee or collected from him. If this court finds that the Commissioner was wrong in his conclusion, and that there was an overpayment of tax, then it becomes incumbent upon the plaintiff to establish that it has not passed on the tax to the vendee or collected it from him. If the court agrees with the Commissioner, then there would be no occasion at all for plaintiff to make this showing.

The motion to dismiss will be denied, and the defendant allowed twenty days to answer the complaint.