### SAMARA v. UNITED STATES.

District Court, S. D. New York.

July 8, 1941.

Kenneth Carroad, of New York City (Clifford H. Rich, of New York City, of counsel), for plaintiff.

Mathias F. Correa, U. S. Atty., of New York City (David McKibbin, 3d, Asst. U. S. Atty., of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant to dismiss a complaint in a tax case on the ground that the claim for refund is insufficient to support the jurisdiction.

The suit is to recover compensating taxes paid under Section 15 of the Agricultural Adjustment Act of 1933, 48 Stat. 31, 7 U. S.C.A. § 615. This Act was declared unconstitutional by the Supreme Court in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. The plaintiff thereafter filed a verified claim for refund on P. T. Form 77, in which he listed his compensating tax payments, and stated that the burden of the taxes was not shifted through inclusion in the sales price or otherwise.

Following the receipt of the claim, the Commissioner twice wrote the plaintiff advising him that sufficient evidence had not been submitted to establish, as required by Section 902 of the Revenue Act of 1936, that the plaintiff bore the burden of the taxes or did not shift them to others. The plaintiff made no reply to either of these letters, and on March 15, 1939, the Commissioner rejected the claim on the ground that, in the absence of such evidence, he was without authority to consider the claim on the merits.

Section 902 of the Revenue Act of 1936, 7 U.S.C.A. § 644, 26 U.S.C.A. Int.Rev. Acts, page 960, provides that "no refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under this chapter, unless the claimant establishes to the satisfaction of the Commissioner * * * (a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly * * *". By Section 903 of the same Act, 7 U.S.C.A. § 645, 26 U.S.C.A. Int.Rev.Acts, page 960, it is provided that no such refund shall be made or allowed unless "a claim for refund has been filed by such person in accordance with regulations prescribed by the Commissioner with the approval of the Secretary." It is further provided in the section that "All evidence relied upon in support of such claim shall be clearly set forth under oath". Articles 201 and 202 of Regulations 96 prescribe the manner in which the claim for refund shall be prepared. Article 202 provides that the claimant shall "substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the Commissioner".

I think the present claim was plainly insufficient; it merely contained a broad, general assertion that the burden of the taxes had not been shifted, without evidence of any kind to substantiate the assertion. Under Section 903, the plaintiff was required to set forth under oath the evidence relied upon in support of his claim. The present claim did not meet this statutory requirement, and the Commissioner was without jurisdiction to consider the claim on the merits. Dascomb v. McCuen, 2 Cir., 73 F.2d 417; Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313.

The motion of the defendant to dismiss the complaint for lack of jurisdiction is accordingly granted.