936

## BETHLEHEM BAKING CO. v. UNITED STATES.

### No. 1270.

District Court, E. D. Pennsylvania.
Aug. 8, 1941.

Herbert G. Marvin and Kenneth Souser, both of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleason, U. S. Atty., both of Philadelphia, Pa., and Frederic G. Rita, Sp. Asst. to Atty. Gen., for defendant.

KIRKPATRICK, District Judge.

This is a suit under the provisions of Title VII of the Revenue Act of 1936, 7 U.S.C.A. § 623 note, 644 et seq., for the recovery of $1,790.23 paid by the plaintiff as floor stocks taxes under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. The facts are as follows:

1. The plaintiff paid the taxes in question on August 4, 1933.

2. The plaintiff filed a claim for refund on Form Pt-76, on June 22, 1937.

3. The Commissioner rejected the plaintiff's claim for refund on December 12, 1938.

4. The plaintiff filed inventory as of July 9, 1933, of what stock it had on hand at that date.

5. The plaintiff consumed the flour on which tax was paid within three weeks after payment.

6. The plaintiff did not increase the price of any of the bakery products which it sold during the time when it had on hand any of the flour taxed.

7. The plaintiff maintained the same per unit weight on all items sold during that period.

8. The plaintiff bore the burden of the taxes and has not been relieved thereof nor reimbursed either directly or indirectly in any manner whatever.

9. Prior to beginning suit the only evidence submitted by the plaintiff to the Commissioner under oath consisted of his claim for refund and the exhibit attached thereto as Exhibit A, being the analysis of his costs.

10. There was a conference before the Commissioner in Washington on July 9, 1939, at which time the entire case was reviewed by the Commissioner, but no written evidence or sworn testimony was submitted.

My conclusions of law are:

(1) That the plaintiff, having borne the burden of the taxes paid, is entitled to recover in this action.

(2) The claim for refund, filed by the plaintiff, is a sufficient compliance with

the statute to support the jurisdiction of this Court.

(3) The plaintiff is not limited in this case to the evidence submitted by it in connection with its claim for refund.

The Government's contention that the claim for refund was so defective as to deprive this Court of jurisdiction is fully met by the reasoning of the Court in the case of Cudahy Packing Co. v. United States, D.C., 37 F.Supp. 563, 570. The Court there said, "Some objection is made that the claim as filed was not strictly in compliance with the law and the regulations. The court is of opinion that the claim as filed is without technical deficiency, but if the court should be in error in this conclusion, yet the Commissioner, having examined the facts, considered the claim on its merits, held numerous hearings on the facts, and heard extended arguments on the law, waived any objections to the form of the claim. Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253; United States v. Elgin National Watch Co., 7 Cir., 66 F.2d 344."

As to the argument, also advanced, that, even if the claim for refund is sufficient, failure to comply with the requirement of the statute that all evidence relied upon in support of the claim must be submitted under oath at some stage of the proceeding prior to the trial bars the plaintiff in this suit, the decisions under Hutzler Bros. Co. v. United States, D.C., 33 F.Supp. 801, and Ney v. United States, D.C., 33 F.Supp. 554, seem to settle the matter against the Government's contention. The Hutzler and Ney cases both dealt with the question whether the plaintiff's complaint had to contain an allegation that the plaintiff had presented to the Commissioner all available evidence bearing on its right to refund. They did not rule specifically on the question of the sufficiency of the claim for refund. The Cudahy case, however, did. The case of Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313, 317, relied on by the Government, presents a situation very different from that in the present case. In that case, on his claim for refund the plaintiff filled in Schedule A leaving the rest blank without explanation and in an appendix said it was impossible to determine how much, if any, of the tax was absorbed "and therefore asserts that it absorbed all the tax."

Judgment for the plaintiff for $1,790.23 with interest from August 4, 1933.