**BULLOCK'S, Inc. v. UNITED STATES.**

**No. 1109-H Civil.**

District Court, S. D. California, Central Division.

Jan. 26, 1942.

Dempsey & Thayer, T. R. Dempsey, and C. G. Demetriou, all of Los Angeles, Cal., for plaintiff.

Wm. Fleet Palmer, U. S. Atty., and Armond M. Jewell, Asst. U. S. Atty., both of Los Angeles, Cal., for defendant.

DAWKINS, District Judge.

Plaintiff seeks a refund of floor taxes imposed upon cotton goods by the Agricultural Adjustment Act, 48 Stat. 31, 7 U.S.C.A. §§ 601–620, subsequently held unconstitutional by the Supreme Court. The demand is for the sum of $8,048.37 paid upon an inventory of approximately $2,250,-000 of stock. The defense is a general denial.

In the trial, defendant objected to the introduction of all evidence not submitted to the Commissioner, taking the position in effect, that in this proceeding we are confined to a review of that record as in the case of appeal. The court reserved its ruling until an examination of the law could be had, but permitted the introduction of the proof subject to the objection. This is the first question. An examination of cases on the exact point in other jurisdictions reveals that the contention of the Government has been uniformly rejected. Ney et al. v. United States, D.C., 33 F.Supp. 554; Hutzler Bros. Co. v. United States, D.C., 33 F.Supp. 801; Bethlehem Baking Company v. United States, D.C., 40 F.Supp. 936.

The following is quoted from the Hutzler Bros. Co. case, 33 F.Supp. 802:

"We find this position of the Government to be without merit. Where a claim has been rejected by the Commissioner and such fact is alleged in the complaint, no further allegation is necessary for the maintenance of a suit for refund; and in such suit a plaintiff is not limited to the same evidence produced before the Commissioner. The intent of the statute, reasonably interpreted from the language employed and above quoted, is to bar consideration of claims merely on informal statements or memoranda, and to surround the presentation of claims with full verification, but it is not intended that a claimant who produces before the Commissioner certain evidence is forever thereafter barred from introducing further evidence in resorting to a court proceeding for refund,—a right which is expressly given by Section 905 of the Act, 7 U.S.C.A. § 647. This construction is supported by Anniston Manufacturing Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143, where the Supreme Court, in defining the procedure, rights and liabilities under this same act, said, 301 U.S. at page 343, 57 S.Ct. at page 819, 81 L.Ed. 1143:

"'With respect to floor stock taxes, no serious question is presented as to the adequacy of the remedy. The remedy by suit is expressly preserved. If the Commissioner refuses refund, suit may be brought against the United States in the Court of Claims or in the District Court for the recovery of the amount claimed to have been illegally exacted. * * *'"

Counsel for the defendant has cited the following cases: Samara v. United States, D.C.S.D.N.Y., 39 F.Supp. 880; Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F. 2d 313, 316 and Tennessee Consolidated Coal Company v. Commissioner, 6 Cir., 117 F.2d 452.

In the Lee Wilson & Co. case, the claim was for the refund of a processing tax as to which certain regulations had been made, not applicable to floor taxes, and an examination of the opinion will show that the claimant not only failed to comply with several of the regulations, but actually struck out of the affidavit provided by the Commissioner the basic requirements both of the statute and of the regulations as set forth in paragraph 4. (a) of said form as follows: "'4. (a) That the amount of the burden of the processing tax on the processing of the commodity named above which was borne by the claimant as set forth in column 2 above is true and correct; that the claimant has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article processed from such commodity; (2) through reduction of the price paid for such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; and (b) that the data and statements submitted in and made a part of Schedule D are true and correct.'"

The claimant also failed to fill in several other schedules, and the Commissioner ruled in effect that the claim disclosed no cause of action, which was affirmed by the Board of Review created by the Act. The matter then went direct to the Court of Appeals for the Eighth Circuit, where the administrative rulings were sustained, the court using in part the following language: "Assuming that the allegations with respect to the burden of the tax are sufficient to establish the validity of the petitioner's claim for purposes of the motion to dismiss, it does not follow that a cause of action was stated which the Board had authority to hear and determine on the merits. The allegation that a claim had been filed was jurisdictional in character and was appropriately challenged by the motion to dismiss. The Board was required to determine that issue before proceeding to a hearing on the merits. Under section 903 of the Act the power of the Board to allow a refund is dependent upon whether a claim for refund has been filed in compliance with the statute. The clear intent of the statute is to require a claimant to seek a ruling by the Commissioner on the merits of the claim before applying to the Board for a review. A claim that fails to meet the statutory requirements and that has been properly disallowed by the Commissioner as defective leaves the Board without jurisdiction to grant a refund. See United States v. Felt & Tarrant Co., supra [283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025]. If it were otherwise the claimant could proceed directly to the Board merely by filing a formal claim for refund unsupported by any facts that would permit the Commissioner to rule on its merits. The action of the Board in dismissing the petition upon respondent's motion was proper and there is not merit in the contention that it was without power so to do. Arabi Packing Co. v. Commissioner, 5 Cir., 109 F.2d 278; Oswald Jaeger Baking Co. v. Commissioner, 7 Cir., 108 F.2d 375; Grain Belt Supply Co. v. Commissioner, 8 Cir., 109 F.2d 490; F. & F. Laboratories v. Commissioner, supra [7 Cir., 104 F.2d 563]."

There was no attempt to pass on the question here, but it was simply found that the claim in the form in which it was presented to the Commissioner did not state a cause of action under the statute and its dismissal was sustained.

In the Samara case, Judge Knox of the Southern District of New York, found that the claim as presented also failed utterly to comply with the statute. The following is quoted: "I think the present claim was plainly insufficient; it merely contained a broad, general assertion that the burden of the taxes had not been shifted, without evidence of any kind to substantiate the assertion. Under Section 903, the plaintiff was required to set forth under oath the evidence relied upon in support of his claim. The present claim did not meet this statutory requirement, and the Commissioner was without jurisdiction to consider the claim on the merits."

In Tennessee Consolidated Coal Company v. Com'r, the situation was the same as in

Lee Wilson & Co. v. Com'r, supra, that is the claimant deleted the paragraph 4. (a) and further stated [117 F.2d 454]: "It is impossible to determine and prove how much of the tax, if any, was not absorbed by the taxpayer." The claim was dismissed on its face for failure to state a cause of action and without consideration on its merits. The petitioner apparently relied chiefly on his contention that the statute was unconstitutional in so far as it "conditions a refund upon a showing that a tax payer bore the burden of the tax when such proof is not available". The dismissal was sustained, the court cited Lee Wilson & Co. v. Com'r, supra.

I am constrained to agree with the decisions in the Ney, Hutzler Bros., and Bethlehem Baking Company cases, supra, for the reasons therein stated.

## On the Merits.

Coming to the merits of the case, I find the facts as follows: Complainant inventoried all of its stock, amounting to approximately $2,250,000 and paid the tax amounting to $8,048.37, and charged it to the cost of the goods. It timely filed its claim for refund, which was rejected, not for want of form, but because the proof submitted did not, to the satisfaction of the commissioner, establish that the tax had been borne exclusively by the taxpayer.

It was shown on the trial in this court by the testimony of the secretary and comptroller of the plaintiff company that no part of the tax was added to the price of the goods; that the pricing of its stock is done by the managers or heads of the several departments of the store, and that no direction or information was furnished to them upon which any such additions or inclusions of the tax could have been made in the retail prices. The managers of the departments also testified that they did not know the amount of the tax and that no increase in the price of any article was made because of it; that such changes in prices, both of reducing and increasing, as were made, were in accordance with the seasonal practices of the company, and wholly without respect to the tax. It is contended by the Government that the thousands of sales tickets should have been produced to prove this negative fact. The plaintiff gave the very plausible reason for its failure to do so that the merchandise in which this very large quantity of cotton goods appeared, was sold over a long period of time and it was not practical to keep or to provide space for these bulky records, involving thousands of transactions for longer than from two to three years, and that they had been destroyed since they showed nothing but the negative fact that the tax had not been included.

I am convinced that the plaintiff has submitted all of the available and necessary evidence to prove that the tax was not passed on to anyone else, but that it was absorbed by itself.

There should be judgment for the plaintiff.