## SAMARA v. UNITED STATES.
### No. 224.

Circuit Court of Appeals, Second Circuit.
July 6, 1942.

Kenneth Carroad, of New York City (Clifford H. Rich and Lawrence W. Kaufman, both of New York City, on the brief), for appellant.

Mathias F. Correa, U. S. Atty., of New York City (Samuel Brodsky and David McKibbin, 3rd, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the plaintiff from a judgment dismissing his complaint in an action for recovery of $264.91 paid by him as compensating taxes upon importations of cotton prior to the Supreme Court's decision in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, invalidating the statute under which such taxes were collected. After the filing of the complaint and before answer, the defendant moved to dismiss the complaint on the ground that the court lacked jurisdiction because of the insufficiency of the claim for refund. Certified copies thereof and of letters of the commissioner relating thereto were annexed to the motion papers. This

motion was granted in an opinion reported in D.C., 39 F.Supp. 880, and resulted in the judgment appealed from.

Title VII of the Revenue Act of 1936 prescribes administrative procedure for the recovery of amounts collected as taxes under the invalidated Agricultural Adjustment Act of 1933. Section 902 of said Title VII, 7 U.S.C.A. § 644, provides that no refund shall be allowed "unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him * * * or to the satisfaction of the trial court," that he bore the burden of the tax and has not shifted it to another. Section 903, 7 U.S.C.A. § 645, provides that no refund shall be allowed unless a claim for refund has been filed by the claimant "in accordance with regulations prescribed by the Commissioner"; and this is followed by the sentence: "All evidence relied upon in support of such claim shall be clearly set forth under oath." The applicable regulations are Articles 201 and 202 of Regulations 96.[1]

On June 30, 1937 the appellant filed a timely claim for refund on the prescribed form, P. T. Form 77, verified by his oath. It set forth the several tax payments making up the amount claimed, $264.91, and alleged in the words of section 902 that the burden of the taxes was borne by the claimant and not shifted to another. Concededly the claim was sufficient in every respect except that no evidentiary facts, other than copies of the customs entries, were included in Schedule D in support of such allegation. Paragraph 6 of the instructions, with which compliance is demanded by Article 201 of Regulations 96, provides that "The facts and evidence, together with exhibits and other data showing the amount of the burden of the tax borne by the claimant and not shifted to other persons, shall be made a part of Schedule D." And Paragraph 7 of the instructions substantially copies Article 202 of the Regulations. By letter dated November 26, 1938, the Commissioner notified the appellant that an examination of the claim disclosed that he had "not submitted sufficient evidence to establish, as required under section 902 of the Revenue Act of 1936" that he bore the burden of tax for which he claimed refund and had not shifted it to others. Various types of evidence which might be available were suggested, and he was advised that action on the claim would be suspended for thirty days to enable him to submit such evidence as he thought pertinent. No reply having been received, the Commissioner wrote again on January 28, 1939 that if the "requested evidence" was not furnished within thirty days, "it will be necessary to proceed with the adjustment of the claim on the basis of the evidence on file." This letter was also disregarded. By letter of March 15, 1939 the Commissioner gave notice that since the appellant had not submitted evidence sufficient to establish that he bore the burden of the tax, "the Commissioner is without authority to favorably consider your claim, and it is hereby rejected in full."

As we see it, the letters of the Commissioner indicate clearly that he examined on the merits the appellant's claim for refund and rejected it because the evidence submitted did not establish to his satisfaction, as required by section 902, that the claimant had not shifted the burden of the tax. That section plainly contemplates that the trial court may be satisfied on that issue, although the Commissioner was not. Consequently a rejection of the claim on that ground cannot mean that the court lacks jurisdiction to entertain a suit to recover the refund disallowed by the Commissioner. Whether the court will be confined to the same evidence as was presented to the Commissioner is another question to be later discussed; for the moment we consider only the alleged lack of jurisdiction of the court.

The trial court's opinion reasons that section 903 requires the claimant to set forth under oath the evidence relied upon in support of his claim, and since the present

---

[1] "Art. 201. Claims for the refund of tax shall be made on the prescribed forms. Such claims shall be prepared in accordance with the provisions of these regulations. * * *

"Art. 202. Each claim shall set forth in detail and under oath each ground upon which the refund is claimed. It is incumbent upon the claimant to prepare a true and complete claim and to substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the Commissioner; failure to do so will result in the disallowance of the claim.

"The provisions of these regulations require that certain specific facts shall be stated in support of any claim for refund. The claimant is privileged to prove those facts in any manner available to him and to submit such evidence to that end as he may desire."

claim did not meet this requirement "the Commissioner was without jurisdiction to consider the claim on the merits." With this view we are unable to agree. The defect in form resulting merely from failure to comply with paragraphs 6 and 7 of the instructions, compliance with which was made compulsory by Article 201 of the Regulations, was not jurisdictional and could be waived by the Commissioner. See Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253; Bonwit Teller & Co. v. Commissioner, 283 U.S. 258, 264, 51 S.Ct. 395, 75 L.Ed. 1018; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619. The statutory provision in section 903 respecting setting forth "all evidence relied upon" in support of the claim means, in our opinion, all evidence upon which the claimant relies rather than all available evidence.[2] If the latter were the meaning it would follow that the Commissioner could reject a claim, even though satisfied on the evidence submitted that the tax burden had not been shifted, because additional corroboratory evidence available to the claimant had not been set forth in the claim—a most unreasonable construction. Several district courts have held that the complaint need not allege that all available evidence has been presented to the Commissioner. Hutzler Bros. v. United States, D.C.Md., 33 F.Supp. 801; Ney v. United States, D.C.W.Va. 33 F.Supp. 554. On the issue of who bore the burden of the tax the claim at bar was not wholly unsupported by evidence. There was evidence that the claimant paid the tax and his affidavit that he had not shifted the burden to another. So we think that the statutory requirement that "all evidence relied upon" be set forth was met and that any defect in form of the claim resulted from failure to observe the regulations—a defect which could be waived. The Commissioner did not reject the claim because it was irregular in form; he proceeded to adjust it "on the basis of the evidence on file," and concluded that such evidence was insufficient to meet the requirements of section 902, which deals with the merits, not the form, of a claim. We are satisfied that he had jurisdiction to do so and that his rejection gave the district court jurisdiction of the action.

 When a claimant chooses to rely upon less than all the evidence available, he takes the risk that he may not satisfy the Commissioner that the tax burden has not been shifted. Upon the trial of his action the question will arise whether he is limited to the evidence presented to the Commissioner. If the present record fairly presents such question, judicial economy will obviously be served by an immediate decision rather than by remanding the case for trial. We think the question is fairly presented, since the defendant's motion to dismiss may be treated as one for dismissal under Rule 12(b) (6) for failure to state a claim, or one for summary judgment under Rule 56(b). See Federal Rules of Civil Procedure, Rules 12 and 56, 28 U.S.C.A. following section 723(c). The new rules have been held to authorize "speaking" motions, and thus permit the allegations of the complaint to be supplemented by the certified copies of the claim for refund and the letters of the Commissioner, annexed to the motion, the correctness of which is not disputed. See Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 92; Cohen v. American Window Glass Co., 2 Cir., 126 F.2d 111, 114. Hence it is apparent that none of the facts is controverted and the plaintiff cannot succeed unless he may use evidence additional to that submitted to the Commissioner. As the district judge stated, the claimant's affidavit that he had borne the burden of the tax was a mere assertion; unsubstantiated by evidence it cannot suffice to prove that the burden was not shifted. Thus the legal question whether he is limited to the evidence relied upon in his claim is fairly presented; if he is, dismissal of the complaint was right.

 With respect to income taxes it is settled by authorities too numerous for complete citation that a taxpayer who brings suit after a claim for refund has been denied can rely for recovery only on grounds presented to or considered by the Commissioner. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1015; Weagant v. Bowers, 2 Cir., 57 F.2d 679, 680. The purpose of this requirement is to give the Commissioner notice of the nature of the claim (Nichols v. United States, 7 Wall. 122, 130, 19 L.Ed. 125), and afford an opportunity for administrative adjustment without suit. United States v. Piedmont Mfg. Co., 4 Cir., 89 F.2d 296, 300; Paul Jones & Co. v. Lucas, D.C.Ky., 33 F.

---

[2] Compare the language of Treas. Reg. 62, Art. 1036: "All the facts relied upon in support of the claim should be clearly set forth under oath." This was the regulation involved in Tucker v. Alexander and the other cases above cited.

2d 907, 908; affirmed 6 Cir., 64 F.2d 1018. The requirement of section 903 of the statute that all evidence relied upon be clearly set forth and the similar provision in Art. 202 of the Regulations, demanding that the taxpayer "substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the commissioner" are obviously intended to permit administrative adjustment of the claim. This purpose will be defeated if upon resort to the court evidence of additional facts may be presented. The court proceeding is intended only as a review of the Commissioner's decision. Hence new grounds or facts in support of the claim should be submitted to the Commissioner by a timely amendment to the claim for refund. See Paul & Mertens, Law of Fed. Income Taxation § 15.22. New facts which the Commissioner has had no opportunity to pass upon cannot, in our opinion, be adduced at the trial. This is not to say that the taxpayer cannot get a fresh decision on any disputed fact which was submitted— he may call the witnesses whose statements he set forth in his claim for refund—but he cannot use facts which he failed to disclose; that is, he must not withhold part of his ammunition until the trial. There is certainly no hardship in applying such rule in the case at bar, for the plaintiff was repeatedly warned by the Commissioner's letters.

For the foregoing reasons we are satisfied that dismissal of the complaint was right, but it should go upon the merits rather than lack of jurisdiction.

Judgment affirmed.