## LONDON WEATHERPROOFS, Inc., v. UNITED STATES.

### Civil Action No. 1862.

District Court, E. D. New York.

Oct. 21, 1943.

See, also, 40 F.Supp. 977.

Carroad & Carroad, of New York City (Kenneth Carroad, of New York City, of counsel), for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Harold M. Kennedy, U. S. Atty., and Frank J. Parker, Asst. U. S. Atty., both of Brooklyn, for the United States.

MOSCOWITZ, District Judge.

This is an application made by the defendant for summary judgment.

The action was brought for the recovery of compensating taxes collected under Section 15 of the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 615. This Act was declared unconstitutional. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The plaintiff filed a claim for a refund of the taxes alleging that it had borne the burden of the tax. The claim as filed contained no information or evidence. After a number of requests that such evidence be submitted with which there was no com-

pliance, plaintiff's claim was rejected by the Commissioner.

It is the defendant's contention that the plaintiff failed to comply with the provisions of Sections 902, 903 and 904 of the Revenue Act of 1936, c. 690, 49 Stat. 1747, Title 7 U.S.C.A. §§ 644, 645 and 646, by not filing a proper claim for refund, and that therefore its motion for summary judgment should be granted.

Plaintiff was under duty to comply with Section 903 of the Revenue Act of 1936, Title 7 U.S.C.A. § 645, which required it to submit evidence in support of its claim from which the Commissioner of Internal Revenue could ascertain whether the plaintiff was entitled to a refund of such taxes. Section 903 clearly states in unmistakable language that "all evidence relied upon in support of such claim shall be clearly set forth under oath." No such evidence was submitted to the Commissioner.

The plaintiff having failed to submit to the Commissioner any evidence from which it could be determined whether or not it had borne the burden of the tax (Section 903 of the Revenue Act of 1936), it cannot upon the trial of the action offer evidence to establish that fact. Only such evidence as was offered before the Commissioner can be offered before the trial Court. The United States Circuit Court of Appeals for this Circuit decided this point in Samara v. United States, 129 F.2d 594, 598, as follows: "The requirement of section 903 of the statute that all evidence relied upon be clearly set forth and the similar provision in Art. 202 of the Regulations, demanding that the taxpayer 'substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the commissioner' are obviously intended to permit administrative adjustment of the claim. This purpose will be defeated if upon resort to the court evidence of additional facts may be presented. The court proceeding is intended only as a review of the Commissioner's decision. Hence new grounds or facts in support of the claim should be submitted to the Commissioner by a timely amendment to the claim for refund. See Paul & Mertens, Law of Fed. Income Taxation § 15.22. New facts which the Commissioner has had no opportunity to pass upon cannot, in our opinion, be adduced at the trial. This is not to say that the taxpayer cannot get a fresh decision on any disputed fact which was submitted—he may call the witnesses whose statements he set forth in his claim for refund—but he cannot use facts which he failed to disclose; that is, he must not withhold part of his ammunition until the trial. There is certainly no hardship in applying such rule in the case at bar, for the plaintiff was repeatedly warned by the Commissioner's letters."

The conclusion seems inescapable based upon Samara v. United States, supra, which is binding upon this Court, that facts which were not presented to the Commissioner can not be produced at the trial and that in effect this Court's province is to review only such evidence as was presented to the Commissioner.

It appearing here that no evidence was presented to the Commissioner from which he could determine whether or not the plaintiff had borne the burden of the tax, the motion for summary judgment must be granted in favor of the defendant herein.

Settle order on notice.