José Luis Onna, Plaintiff and Appellant, *v.* The Texas Co., Inc., Defendant and Appellee.

No. 8907.   Argued November 17, 1944.—Decided February 13, 1945.

*Benigno T. Pacheco Tizol* for appellant.   *James R. Beverley, R. Castro Fernández, José López Baralt,* and *R. Rodríguez Lebrón* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiff-appellant herein, a workman, was employed, jointly with other workmen, by the defendant corporation in picking and scraping the inner surface of one of the tanks

used by the defendant for storing aviation gasoline, which contains lead and gases that are highly injurious to health.

It was alleged in the complaint that, in consequence of the work which the plaintiff had to perform inside said tank, his health was seriously affected, and he suffered damages amounting to $5,000; and that said damages had been caused by the fault, carelessness, and negligence of the defendant.

Relying on the provisions of Rule 12(*b*) of the Rules of Civil Procedure, the defendant moved to dismiss the complaint on the grounds of (*a*) lack of jurisdiction of the district court over the subject matter of the claim, and (*b*) failure on the complaint to state facts sufficient to constitute a cause of action. In support of its motion the defendant alleged that, pursuant to the obligation imposed upon it by Act No. 45, approved April 18, 1935, The Texas Company (P. R.) Inc. was then and at the time of the accident an employer insured in the State Insurance Fund; that the complaint failed to allege that the defendant was an uninsured employer; that § 20 of said Act No. 45 of 1935 provides that "the right herein established to obtain compensation shall be the only remedy against the employer"; and, lastly, that the plaintiff workman had received all the benefits granted to him by said Act, was discharged from treatment without any resulting disability whatsoever, and had received, from the State Insurance Fund, the sums to which he was entitled under the statute. The facts thus alleged by the defendant were corroborated by a certificate, issued by the Manager of the State Insurance Fund, which was attached to the motion.

The District Court of San Juan rendered judgment sustaining the motion to dismiss, on the ground that said court lacked jurisdiction to take cognizance of the action.

We will consider only the legal question involved in the first three assignments of error.

The appellant urges that the lower court erred in not confining itself to the facts alleged in the complaint

when passing upon the jurisdictional question raised; and in admitting and taking into consideration the certificate of the Manager of the State Insurance Fund.

Rule 12(*b*) of the Rules of Civil Procedure provides, generally, that every defense, in law or fact, to a complaint or petition must be set up in the answer. By way of exception, the same rule provides that the defenses of (1) lack of jurisdiction over the subject matter and (6) failure to state facts constituting a cause of action may, at the option of the pleader, be made by motion. These motions to dismiss authorized by the Rule 12(*b*) have really taken the place of the old and abolished demurrers, and their essential purpose is to give the court which is to hear the case on the merits, an opportunity to determine beforehand whether there is involved a subject matter over which it has jurisdiction, or whether the facts alleged are sufficient to compel the defendant to file a responsive pleading.

In passing upon this kind of motions, the court must take into consideration only the facts alleged in the complaint, without considering any matter which is foreign to such allegations. *Sun Oil Co.* v. *Pfeiffer et al.,* 1 Fed. Rules Dec. 119; *Kentucky-Tennessee Light & Power Co.* v. *Nashville Coal Co. et al.,* 37 Fed. Supp. 728. Nevertheless, the Federal decisions construing the Rules of Civil Procedure have held, as an exception to the general rule above stated, that where the issue raised involves a jurisdictional question, the court, in passing upon a motion to dismiss, may consider additional facts not alleged in the complaint. In *Kentucky-Tennessee Light & P. Co., supra,* the Federal Court said:

". . .The rule does not specifically provide that affidavits may be filed in support of such motions, but no doubt affidavits can be properly filed in order to bring to the attention of the court certain additional facts which are not presented by the pleading to which the motion is filed, and which would bear upon the question of jurisdiction, venue or process. . . Under such circumstances a 'speaking motion' supported by affidavit is proper."

See *Ellis* v. *Stevens*, 37 Fed. Supp. 488, and *Central Mexico Light & Power Co. et al.* v. *Munch,* 116 F. (2d) 85.

The complaint herein alleges that the plaintiff, jointly with other workmen, was employed by the defendant in picking and scraping the tank. Such an allegation is sufficient in itself to establish the relationship of master and servant between the defendant and the plaintiff. Upon that relationship being shown, there arises the unavoidable legal obligation on the part of the employer (Act No. 45 of 1935, § 18) to insure for his workmen, in the State Insurance Fund, the compensation that they should receive for injury, disease, or death. A failure to discharge that obligation subjects the employer not only to the criminal responsibility prescribed by § 17 of the Workmen's Accident Compensation Act but also to the civil liability which § 15 of said Act imposes on employers who have failed to take any insurance in contravention of the statute.

According to said § 15, if the employer has defaulted in his obligation to insure his workmen, any injured workman may proceed against such employer by filing a petition for compensation with the Industrial Commission, and may, also, bring an action for damages against him. If in that action the award granted by the court exceeds the compensation fixed by the Workmen's Compensation Act, the compensation fixed shall be deducted from the amount awarded as damages. If such action for damages is brought, the uninsured employer can not set up, by way of defense, contributory negligence, or the assumption of risk of the injury, or that the accident was caused by the negligence of an independent contractor, unless the latter is insured in the State Fund.

Section 20 of the aforesaid Act provides that when an employer has complied with the law and insured his workmen, the right established by the Act to obtain compensation "shall be the only remedy against the employer." Ac-

cording to the above-mentioned legal provisions, a workman who has suffered an injury which is compensable under the Workmen's Accident Compensation Act, may bring an action for damages against his employer only when the latter, in violation of the statute, has failed to insure his workmen. The complaint herein does not allege that the defendant corporation was, at the time of the accident, an uninsured employer. Has a district court jurisdiction to take cognizance of an action for damages, brought by a workman against his employer, when it does not appear on the face of the complaint that the employer was not insured? That is the question which we must decide.

Section 464 of the Code of Civil Procedure (1933 ed., § 102, Law of Evidence) ennumerates 39 disputable presumptions, which may be controverted by other evidence. Among them are the following:

"1. That a person is innocent of crime or wrong.

\* \* \* \* \* \* \*

"32. That the law has been obeyed."

Applying the above-quoted provisions to the complaint now before us, we are bound to presume that The Texas Company is innocent of the crime of failing to insure his workmen, and that this employer obeyed the law, by insuring the plaintiff-workman and his fellow workers in the State Insurance Fund. Giving the defendant employer the benefit of the two presumptions above-mentioned, the complaint must be considered as if it specifically alleged that The Texas Company was an insured employer; and in such case, the conclusion is unavoidable that from the very face of the complaint—and independently of the certificate admitted in evidence—it appears that the district court lacks jurisdiction to take cognizance of the action brought.

The essential purpose of the Rules of Civil Procedure (Act No. 9 of April 5, 1941) is to simplify judicial proceedings and promote the prompt administration of justice.

Since the question of lack of jurisdiction was raised and its determination depended upon the fact of whether or not the defendant was an insured employer, the lower court did not err in admitting evidence to show that the defendant was insured in the State Insurance Fund. *Cohen* v. *American Window Glass Co.*, 126 F.(2d) Ill.; *Samara* v. *United States*, 129 F.(2d) 594; *Murray* v. *American Export Lines, Inc.*, 53 Fed. Supp. 861, 3 Fed. Rules Service, 674, 675. Such evidence showed that the lower court lacked jurisdiction to entertain said complaint and that the only remedy available to the workman as against the insured employer was the one granted by the Workmen's Accident Compensation Act.

The judgment appealed from will be affirmed.