## LOUIS F. HALL & CO., Inc., v. UNITED STATES.

### No. 161.

Circuit Court of Appeals, Second Circuit.

March 23, 1945.

Kenneth Carroad, of New York City (B. R. Dreyer, of New York City, on the brief), for plaintiff-appellant.

John F. X. McGohey, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before EVANS and CHASE, Circuit Judges, and HINCKS, District Judge.

CHASE, Circuit Judge.

The plaintiff paid in 1933 floor stocks taxes assessed under the Agricultural Adjustment Act of 1933, 48 Stat. 31 et seq., 7 U.S.C.A. § 601 et seq. It filed an amended claim for the refund of such taxes in the amount of $28,669.36 under § 3220, R.S., 26 U.S.C.A.Int.Rev.Code, §§ 3770, 3776, on what is known as P. T. Form 76 to which was attached a statement showing what percentage of its gross sales for each of the years 1927 to 1935, inclusive, was reflected in its gross profits. This showed

the percentage to be less for the years 1933, 1934 and 1935, when the tax was in effect, than for the previous years when it was not. No other evidence to show that the taxpayer had borne the burden of the taxes sought to be refunded was ever submitted to the Commissioner in compliance with the requirements of the statute and regulations governing the filing and allowance of such claims. Sections 902 and 903 of Title VII of the Revenue Act of 1936. 7 U.S.C.A. §§ 644 and 645. Regulations 96, Arts. 202, 204, 301 and 305.

After conferences by representatives of the taxpayer and of the Commissioner in which this claim and similar ones filed by the attorney representing the taxpayer had been discussed, the attorney for the taxpayer wrote the Commissioner on January 7, 1939, a letter beginning "We write to inform you that the following P. T. Form 76 cases are withdrawn." That was followed by a list which included the refund claim of the plaintiff. The list was followed by the statement that, "In our opinion, proof in these cases would be very difficult to establish. Accordingly, we are requesting that the foregoing claims be withdrawn and marked rejected." After requesting an extension of sixty days in which to file evidence on behalf of another list of claimants, the attorney ended the letter by saying, "We are devoting the greater part of our time to these P. T. 76 cases, weeding out those we believe difficult to sustain and submitting evidence on those we consider substantial, but the work entails a great deal of time and detail. We shall appreciate your courtesy in granting this extension." The letter was signed Kenneth Carroad.

On January 31, 1939, the Commissioner wrote the taxpayer as follows:

"Reference is made to your claim filed on P. T. Form 76, for refund of floor stocks tax paid under the provisions of the Agricultural Adjustment Act.

"Section 902 of the Revenue Act of 1936 provides that no refund shall be made or allowed of any amount paid as tax under the Agricultural Adjustment Act, unless the claimant establishes to the satisfaction of the Commissioner that he bore the burden of such amount and has not been relieved thereof, nor reimbursed therefor, nor shifted such burden, directly or indirectly, in any manner whatsoever.

"The proof necessary to establish that you bore the burden of the tax for which you claim refund, as required by the provision of law referred to above, has not been submitted. In a letter from Kenneth Carroad, dated January 7, 1939, it is requested that your claim be withdrawn and considered rejected, as it is believed that it would be very difficult to substantiate the facts alleged with respect thereto.

"Accordingly, your claim is hereby rejected in full."

The appellant then brought this suit in the District Court for the Southern District of New York to recover the taxes for which it had filed the claim rejected as above. The defendant denied the allegations in the complaint, except that a refund claim had been filed, and alleged by way of special defense (1) that the refund claim was insufficient and (2) that it had been withdrawn by the plaintiff. It then moved to dismiss the complaint for failure to state a claim upon which relief could be granted or, in the alternative, for summary judgment. The motion was granted on the ground that no cause of action had been stated in the complaint in that compliance with the statute and regulations applicable to such a claim had not been alleged. This appeal followed.

The appellant cannot succeed on this appeal because of the effect of Samara v. United States, 2 Cir., 129 F.2d 594, in which we held that, in a suit to recover compensating taxes paid on importations of cotton brought after the Commissioner had disallowed a refund claim which was not supported by adequate evidence, the District Court had jurisdiction but that the evidence admissible at the trial was confined to that presented to the Commissioner; and then held that the defendant was entitled to summary judgment since the evidence before the Commissioner was insufficient to prove the cause of action alleged in the suit. It seeks, however, to avoid the effect of the Samara case by distinguishing it on the ground that some evidence was submitted to the Commissioner in support of this claim and that the submission of additional evidence was waived by the Commissioner and, if that effort fails, by arguing that the Samara decision was wrong and should now be overruled.

The effort to distinguish the Samara case is futile. The only evidence submitted to the Commissioner fell far short, just as it did in the Samara case, of showing that the taxpayer had borne the burden

of the taxes it had paid and sought to have refunded. Obviously the variation in the percentages shown for the years covered by the statement attached to the claim filed might have been due at least in part to other factors than the payment of the taxes and perhaps it was attributable wholly to other factors. Without presenting some evidence to enable the Commissioner to determine what relation, if any, the variation in percentages had to the payment of the taxes the appellant failed to prove its claim at all.

■ The contention that the Commissioner waived the presentation of evidence is without substance also. It is based upon affidavits to the effect that the taxpayer could have produced individuals who were acquainted with its business in the years involved and who would have sworn that the taxpayer did bear the burden of these taxes but that it failed to do so because it knew that the Commissioner would not treat that as evidence. This record does not make it clear that the appellant correctly understood the Commissioner's position in this respect, but that is presently of no consequence for no waiver has been shown. We need not, therefore, decide what effect, if any, such a waiver would have had if there had been one. The letter of rejection pointed out the statutory requirement for sufficient supporting evidence to show that the claimant had actually borne the burden of the tax without shifting it directly or indirectly. Claimant's failure to submit such evidence and the request made by its attorney were both given as reasons for the rejection. Of course the request for withdrawal and rejection was ample notice that the required evidence would not be submitted and the Commissioner acted accordingly as his letter states. The Samara case is, therefore, indistinguishable.

We have given consideration to the argument the appellant has made as to the need to overrule that decision and have nothing to add to what was said in the opinion in that case. We think the decision was right and that it is controlling on this appeal. Weiss v. United States, 7 Cir., 135 F.2d 889; Jaubert Bros., Inc., v. United States, 5 Cir., 141 F.2d 206; and New York Handkerchief Mfg. Co. v. United States, 7 Cir., 142 F.2d 111, are in accord though the result in each of those cases was a dismissal of the complaint for lack of jurisdiction. We decline, with deference, to subscribe to the reasoning and result in Bethlehem Baking Co. v. United States, 3 Cir., 129 F.2d 490.

As in the Samara case, the dismissal of the complaint in this suit was right and, here as there, it should be upon the merits.

Judgment affirmed.