**H. D. BOB & CO., Inc., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 20, Docket 23976.**

United States Court of Appeals Second Circuit.

Argued Oct. 5, 1956.

Decided Oct. 25, 1956.

Stanley H. Handman, Kenneth Carroad, New York City (Philip H. Busner, New York City, on the brief), for plaintiff-appellant.

Earl J. McHugh, Asst. U. S. Atty., Southern Dist. of N. Y., New York City, Paul W. Williams, U. S. Atty. for the Southern Dist. of N. Y., New York City, for defendant-appellee.

Before HAND, MEDINA and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

This is an action brought by a taxpayer under 7 U.S.C.A. § 644 et seq., to obtain a refund of floor taxes collected under the Agricultural Adjustment Act of 1933.

The taxes in question totaled $136,025.83 and were paid to the Government in the years 1933 through 1935 as floor taxes on the sale of cotton goods. In 1937 the taxpayer filed a claim for refund of these taxes, in which it requested a field audit on the stated ground that

the records in support of the claim were too voluminous for transmittal to the Bureau. Subsequently the taxpayer at its request was granted several extensions of time to file its proofs of the claim, ostensibly because in 1936 its records had been destroyed. Since no supporting proofs were presented, the Commissioner formally rejected the claim in 1939.

In June 1941 the taxpayer by letter requested a reconsideration of the claim on the strength of an affidavit containing a schedule of its gross profits for the period from January 1933 to November 1933. The Commissioner replied that this letter would be given "careful consideration." Thereafter, in October 1941 the Commissioner refused to reopen the claim, because of the insufficiency of the proofs offered by the taxpayer. The taxpayer then instituted this suit which languished on the docket of the court below from 1941 until 1955 when Judge Clancy, after a review of all the evidence placed before the Commissioner, granted the Government's motion for summary judgment and dismissed the complaint by a written memorandum in which he found the taxpayer's evidence insufficient and, consequently, that "the court lacks jurisdiction." This appeal ensued.

█ We think our opinion in Samara v. United States, 2 Cir., 129 F.2d 594, certiorari denied 317 U.S. 686, 63 S.Ct. 258, 87 L.Ed. 549, sufficiently demonstrates that the court below had jurisdiction to determine issues such as these raised in this case. However, we hold that the disposition below was right on the merits.

After the Agricultural Adjustment Act of 1933 was held unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, Congress established certain exclusive procedures for obtaining refund of the illegally collected taxes. In Section 902 of the Revenue Act of 1936, 49 Stat. 1747, 7 U.S.C.A. § 644, Congress required, as a condition of a refund of floor taxes, that the claimant prove to the satisfaction of the Commissioner of Internal Revenue or to the sat-

isfaction of the trial court that he had borne the burden of such taxes and had not shifted such burden to others. In Samara v. United States, supra [129 F. 2d 598], we held that a taxpayer's action to recover such taxes was provided "only as a review of the Commissioner's decision" of the claim. In consequence, we said, "new facts which the Commissioner has had no opportunity to pass upon can-not, in our opinion, be adduced at the trial" before the reviewing court.

The taxpayer argues that the trial court erred in not allowing him an opportunity to prove on a trial by facts already submitted to the Commissioner and by additional testimony that he had absorbed the tax burden and thus was entitled to a refund of the taxes paid. The Government, pointing to Angelus Milling Co. v. Commissioner of Internal Revenue, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619, contends that the taxpayer is barred from now proving a claim for refund no proofs of which were submitted to the Commissioner until after the expiration of the statutory limitation period on January 1, 1940, as provided by Section 903 of the Act, 7 U.S.C.A. § 645. To this the taxpayer replies that the Commissioner waived the time bar and argues that the issue of waiver, being a question of fact, cannot be determined on a motion for summary judgment.

█ We do not reach this issue of alleged waiver: for present purposes we may assume that there was indeed a waiver and that the waiver was valid. Even so, it is clear from Judge Clancy's opinion that he considered all the facts ever submitted to the Commissioner in support of the claimed refund, including the material offered after the limitation date, and found it insufficient. That his conclusion was right is too plain to need exegesis. Louis F. Hall & Co. v. United States, 2 Cir., 148 F.2d 274, certiorari denied 326 U.S. 728, 66 S.Ct. 35, 90 L.Ed. 433. It follows that a trial on the issue of waiver would be futile and, consequently that the case was rightly disposed of by summary judgment.

Affirmed on the merits.