### AYER CO. v. UNITED STATES.

No. 43540.

Court of Claims.

April 7, 1941.

286

Charles B. Rugg, of Boston, Mass. (H. Brian Holland and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., on .the·brief), for plaintiff. ˙

Hubert L. Will, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, ˙D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

The facts are fully set out in the findings of fact. The question presented is the proper basis for the tax on plaintiff's sales of cosmetics imposed by section 603 of the Revenue Act of 1932, 47 Stat. 261, 26 U.S. C.A. Int.Rev.Acts, page 608. This section reads in part:

"There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Perfumes, essences, extracts, toilet waters, cosmetics, * * *."

Section 619 sets out the formula for determining the sales price. It reads:

"§ 619. Sale Price

"(a) In determining, for the purposes of this title, the price for which an article is sold, there shall be included any charge for coverings and containers of·whatever nature, and any charge incident to placing the article in condition packed ready for shipment, .but there shall be excluded the amount of tax imposed by this title, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required by the foregoing sentence to be included) shall be excluded from the price only if the amount thereof is established to the satisfaction of the Commissioner, in accordance with the regulations.

"(b) If an article is—

"(1) sold at retail;

"(2) sold on consignment; or

"(3) sold (otherwise than through an arm's-length transaction) at less than the fair market price;

288

the tax under this title shall (if based on the price for which the article is sold) be computed on the price for which such articles are sold, in the ordinary course of trade, by manufacturers or producers thereof, as determined by the Commissioner."

The plaintiff takes the position, first, that the price at which it sold its products to Vita-Ray Corporation is the proper basis for the tax since it is the manufacturer's or producer's sales price, upon which the tax was levied; or, if incorrect in this, it says that in determining the sales price, advertising and selling costs are to be eliminated, in any event.

The Commissioner originally took the position that the Vita-Ray Corporation was the mere selling agent of the plaintiff and, therefore, that plaintiff's sales price was the price at which it sold its products to the retail trade, to wit, retail price less 40 percent, and he assessed the tax on this basis. Later, after this suit was filed, the Commissioner reduced this sales price by 7½ percent thereof, and assessed the tax accordingly, crediting plaintiff's liability for subsequent months with the difference.

■ It is obvious that the Vita-Ray Corporation was a mere shell. Its activities were carried on by exactly the same people who had carried on these activities for plaintiff before its organization; its officers were the same as plaintiff's officers; its board of directors were the same; it had no operating capital; it had no office space, except that furnished by plaintiff without charge; all of its capital stock of the total sum of $300 was owned by plaintiff. Its existence must be disregarded. Sales made by it must be treated as having been made by the plaintiff. Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406; Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319; Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Southern Pacific Co. v. Lowe, 247 U.S. 330, 38 S.Ct. 540, 62 L.Ed. 1142; Gulf Oil Corp. v. Lewellyn, 248 U.S. 71, 39 S.Ct. 35, 63 L.Ed. 133; E. Albrecht & Son v. Landy, 8 Cir., 114 F.2d 202.

Treating the sales as having been made by plaintiff, the transaction is governed by section 619 (b) (1). This provides that if an article is sold at retail, the tax shall be computed on the price for which such articles are sold in the ordinary course of trade by manufacturers or producers thereof. What this price is, is to be determined by the Commissioner.[1]

■ The Commissioner was wrong in the beginning in fixing the retail price as the price upon which the tax should be computed. The price contemplated was that charged in the ordinary course of trade. In the ordinary course of trade this is the price charged by the manufacturer when he sold to a wholesaler. The defendant seems to admit this now (R. 82). But the Commissioner later reduced the retail price by 7½ percent thereof, and computed the tax on the remainder. Why he did this is not shown, but it is to be presumed that it was because this was his determination of the price at which manufacturers or producers sold such articles in the ordinary course of trade. This is the price the Commissioner was commanded to determine, and it is to be presumed he acted in accordance with law.

■ The plaintiff has not shown that this was not the price to wholesalers and, of course, the burden was on it to do so. The price at which plaintiff sold its products to the Vita-Ray Corporation proves nothing; that was nothing more than a sale to itself. Rather, it was no sale at all. The fact that this price was 15 percent above plaintiff's manufacturing cost proves nothing, in the absence of proof that it was customary for manufacturers of cosmetics to sell to wholesalers on such basis. (We feel sure they did not sell on such basis, because such reckoning eliminates the most valuable element of the product, the consumer's demand for it, built up through advertising). For the same reason, the fact that the Vita-Ray Corporation bought some of its products from other people cheaper than plaintiff charged, proves nothing.

We have carefully studied plaintiff's brief and the record, and conclude that the

---

[1] Most of the courts have treated such transactions as governed by section 619 (b) (3), which provides that if the article is sold at less than market price, otherwise than through an arm's length transaction, then the tax shall be computed in the same way as if the article had been sold at retail. By whichever subsection governed, the result is the same.

**289**

plaintiff has not borne the burden of showing the price determined by the Commissioner was not that denominated by the statute.

But plaintiff says that if the sales to Vita-Ray Corporation are to be disregarded, nevertheless, advertising costs, at any rate, should be excluded from the sales price. We cannot agree that this is so. The price the plaintiff secured for the article was much greater on account of the advertising done. By advertising, the plaintiff put value in the article no less than when it added the vitamins to the cream; and that value it sold. As was said by the Second Circuit Court of Appeals in Bourjois, Inc. v. McGowan, 85 F.2d 510, 512:

"But to take the appellant's products as mere unnamed blends, mixtures, or compositions salable to the trade as such at the time the appellant sold them is to ignore the very thing which gave them their peculiar sales value; that is, the trade-names under which they were sold not only eventually to the wholesalers, retailers, and consumers but by the appellant itself to the sales corporations."

The tax is measured by the price for which the manufacturer sold its product. How this price was built up is immaterial.

But, it is argued that section 619 (a) requires the elimination of these expenses. This section eliminates from the sales price "transportation, delivery, insurance, installation, or other charge." It is argued that advertising expenses come within the phrase "other charge." We are unable to agree. The items excluded are those expenses which are incurred in addition to the cost of manufacture. Their exclusion indicates no more than that Congress had in mind the sales price f. o. b. factory, and meant to exclude those items of cost which go to make up the delivered or installed sales price.

Certainly advertising expenses are not of the same kind of things which are specificially mentioned—transportation, delivery, installation, and insurance charges.

Furthermore, Congress, in passing the act of 1939, evidently believed that the act of 1932 did not provide for the exclusion of advertising costs. Section 3 of the act of 1939, 53 Stat. 862, 863, 26 U.S.C.A. Int. Rev.Code, § 3401, reads in part:

"Whether sold at arm's length or not, a transportation, delivery, insurance, or other charge, *and the wholesaler's salesmen's commissions and costs and expenses of advertising and selling* (not required by the foregoing sentence to be included), shall be excluded from the price only if the amount thereof is established to the satisfaction of the Commissioner, in accordance with the regulations. (Italics ours.)"

It will be noted that this sentence is identical with the second sentence of section 619 (a) of the Revenue Act of 1932, except that there has been added the portion italicized, having to do with expenses of advertising and selling. The plaintiff says that this was added to the act merely for clarification, but we think not, for this reason, among others: Subsection (b) of section 3 of the Revenue Act of 1939 says: *"The amendments* made by subsection (a) shall be effective only with respect to sales made after the date of the enactment of this Act. (Italics ours.)"

It appears, therefore, in passing the act of 1939, the Congress thought that the exclusion of advertising and selling costs was an amendment of the prior act, and not merely a clarification thereof.

Note, moreover, that it was not all advertising and selling expenses that were to be excluded under the Revenue Act of 1939; it was only the wholesaler's expenses of advertising and selling. Manufacturer's advertising and selling expenses are not mentioned. By implication they are to be included. This, we think, is a continuation of the policy behind the 1932 act.

The Circuit Court of Appeals for the Seventh Circuit, in Campana Corporation v. Harrison, 114 F.2d 400, has reached a contrary conclusion. It was of opinion that selling and advertising costs should be excluded; in fact, that all nonmanufacturing charges were to be excluded. As we have said, advertising has added value to the article, and has enabled the manufacturer to secure therefor a better price, just as have the vitamins and its other tangible component parts. For this reason we see no basis for concluding that Congress meant to exclude these costs.

It results that plaintiff's petition must be dismissed. It is so ordered.