## F. W. FITCH CO. v. UNITED STATES.

### No. 191.

District Court, S. D. Iowa,
Central Division.

June 19, 1943.

Richard E. Williams and Haemer Wheatcraft, both of Des Moines, Iowa, for F. W. Fitch Co.

George H. Zeutzius, Atty., Department of Justice, of Washington, D. C., Maurice F. Donegan, U. S. Dist. Atty., of Davenport, Iowa, and Wm. R. Sheridan, Asst. U. S. Dist. Atty., of Keokuk, Iowa, for the United States.

DEWEY, District Judge.

The above entitled action came on for hearing on its merits at Des Moines, Iowa, on the 24th and 25th days of May, 1943, evidence was introduced, arguments had,

and the suit fully submitted to the court for decision.

In the action the plaintiff seeks to recover from the United States of America certain manufacturers' excise taxes alleged to have been illegally and wrongfully paid to the Collector of Internal Revenue commencing with October, 1936, and ending. with June, 1939.

Commencing with October, 1936, and ending with June, 1939, plaintiff filed manufacturers' excise tax returns with respect to the toiletries and cosmetics manufactured and sold by it, reporting thereon tax liabilities in the aggregate amount of $319,-170.48, which was assessed and paid on the dates of the filing of said monthly returns. Some of the articles so manufactured and sold by the plaintiff were taxable under the applicable statutes at the rate of 10 per cent. while others were taxable at the rate of 5 per cent.

On October 8, 1940, plaintiff filed a claim for a refund of $67,666.39, on the excise taxes paid for the period from Oct. 1, 1936, to June 30, 1940. The claim was based on the ground that in making out its monthly returns plaintiff erroneously failed to deduct from the selling price of its toilet articles the amount it spent for selling and advertising, and therefore there had been wrongfully assessed and paid by it the above excise taxes.

In its claim so filed the taxpayer stated that the amount of the tax sought to be refunded was absorbed by plaintiff and had not been passed on to its customers.

On the trial the taxpayer introduced evidence establishing that it did pay the tax as aforesaid and that during said period it had spent a large amount in the cost of selling and advertising of its products and that a large proportion of its sales was made to barbers, beauty supply dealers, chain stores and customers purchasing a line of cosmetics known as "Beauty by Fitch," and that all such sales were made at arm's length; that the plaintiff on all of such sales did not add the manufacturer's excise tax to the selling price but absorbed and bore the burden of said tax. However, in respect to articles sold by the plaintiff to drug jobbers and wholesalers and in respect to sales of special labeled merchandise the plaintiff added the tax to the selling price and no refund of the manufacturers' excise tax paid on such sales is claimed.

Also, that a proper and fair method of computing the amount of the credit for the expense of selling and advertising on the manufacturing cost of those articles upon which the refund is claimed is the percentage that such costs bear to the cost of the entire output and sales of the taxpayer's manufactured products covered by the advertising and selling.

■ The Government did not offer any evidence to refute the facts established by the taxpayer as above. It claims, however, that the evidence taken as a whole fails to establish that the taxpayer absorbed the tax on those products for which it claims it is entitled to a refund; but I find that the taxpayer has fairly established that it did so absorb the tax; reported and paid the same and is entitled to a refund therefor. Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400.

The Government relies principally, in addition to challenging the decision of the Campana case, upon its affirmative defenses set out in its answer: 1st, that the complaint fails to state a claim against the defendant upon which relief could be granted; 2nd, that the court lacks jurisdiction of the action because plaintiff's claim for refund for the tax period in suit is insufficient; and 3d, that the action cannot be maintained against the defendant because of plaintiff's failure to comply with the provisions of Sec. 621 (d) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code § 3443(d), and Section 316.94 of Regulations No. 46 promulgated thereunder.

The defense that the complaint fails to set forth a claim against the defendant is the same, as I understand it, as the other defenses which have to do with the jurisdiction of the court. It is the contention of the Government that the claim filed by the taxpayer before the Commissioner only states in general terms that "the amount of tax which the F. W. Fitch Company now seeks to have refunded has been absorbed by the F. W. Fitch Company and has not been passed on to its customers." That this allegation is not sufficient to give the Commissioner authority to refund a claim, but that additional evidence must be presented to the Commissioner to establish such conclusion on the part of the taxpayer, as required by certain statutes and regulations. This statute is:

Section 621 (d) of the 1932 Revenue Act: "No overpayment of tax under this title shall be credited or refunded * * * in pursuance of a court decision or otherwise, unless the person who paid the tax

establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, * * *".

And Article 71 of Treasury Regulations No. 46 (now 316.94, 1940 edition Regulations No. 46), reading as follows:

"Credits and Refunds. * * *

"If any person overpays the tax due with one monthly return, he may either file a claim for refund on Form 843 or take credit for the overpayment against the tax due with any subsequent monthly return. In all cases * * * where a person overpays tax, no claim or refund shall be allowed, whether in pursuance of a court decision or otherwise, unless the taxpayer files a sworn statement explaining satisfactorily the reason for claiming the credit or refund and establishing (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of the tax from the vendee, * * *"

■ The taxpayer, as stated above, in his claim filed for the refund only stated generally that he had absorbed the tax and did not establish such general allegation by any evidence; and had the Commissioner passed upon plaintiff's claim on its merits and denied the same it may be that this defense of the Government would be well taken. Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313, 317, and Id., 8 Cir., 123 F.2d 232; Landrum v. Commissioner, 8 Cir., 122 F.2d 857; Weiss v. United States, 7 Cir., 135 F.2d 889, opinion dated May 17, 1943, affirming decision by Judge Holly in D.C., 46 F.Supp. 383.

However, there is considerable history in connection with the filing of the claim by the taxpayer and its disposition by the commissioner. The claim as originally filed asked for a refund from October 1, 1936, to June 30, 1940. The claim was filed October 8, 1940, and acknowledged by the Commissioner on December 30, 1940, in a letter which stated, among other things, as follows: "You are advised that the provisions of section 3 of the Revenue Act of 1939 * * * are not retroactive in their effect. Selling and advertising expenses incurred prior to July 1, 1939 do not therefore represent allowable deductions from taxable sales and no consideration may be given to your claim with respect to any tax paid for a period prior to that date."

And:

"Your statement is noted that you did not pass the tax on to your customers but absorbed it. The mere statement does not constitute a basis for a finding by the Commissioner that you have established your compliance with section 621 (d) of the Revenue Act of 1932. * * *

"You are therefore requested to forward to this office any evidence which in your opinion will substantiate your contention on this point."

After some correspondence in which the Commissioner asked for further evidence, the taxpayer filed with the Commissioner on April 29, 1941, a paper designated as a "Brief," with supporting schedules and data in connection with the refund claim. This statement of the taxpayer sets forth detailed information as to each month of sales to the several customers, as above stated, showing the percentage of such sales to the total net sales, the net sales, freight deducted, taxable sales reported, selling and advertising expenses not deducted, corrected taxable sales, corrected tax, tax paid, and refund due. These statements are shown for each month and with a summary of the corrected tax, tax paid and a claim for refund due of $69,919.31.

In its argument to the Commissioner accompanying said brief the taxpayer, through its attorneys, after stating that it is relying upon the case of Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400, makes the following statement:

"The claim for refund is based only upon sales made by the taxpayer to barber and beauty supply houses, syndicate stores and sales of 'Beauty by Fitch' merchandise. In the above fields the taxpayer absorbed the tax and charged its purchaser identically the same price for merchandise after the effective date of the Revenue Act of 1932, as it had charged previous to that date. On sales made by the taxpayer in the drug store field, the manufacturer's excise tax was passed on to the purchaser and no claim for refund is made on such sales.

"If a conference is granted in connection with this matter there will be submitted at that time actual invoices showing that the tax was absorbed by the company in those sales markets wherein the refund is claimed."

To this communication the Commissioner on May 12, 1941, among other things, replied:

"Reference is also made to Mr. Schaetzle's letter of April 28, 1941, transmitting to this office a brief in support of your claim and requesting that a conference be arranged to be held at 10:00 a.m. on May 27, 1941. Mr. Schaetzle states that your claim, so far as it relates to the period subsequent to June 29, 1939, is withdrawn, being retained only for the purpose of claiming the advertising and selling expenses incurred prior to June 30, 1939.

"This being true, it does not appear that any benefit can be derived from the holding of a conference since as you were advised by office letter of December 30, 1940, the Bureau holds that advertising and selling expenses were not allowable prior to June 30, 1939.

"In support of your contention for the deductions you cite the decision of the United States Circuit Court of Appeals for the Seventh Circuit, in the case of Campana Corporation v. Harrison. This office does not concede the correctness of the Campana decision and adheres to the position stated above. This position is fully supported by the decision of the United States Court of Claims rendered on April 7, 1941, in the case of Ayer Company v. United States [38 F.Supp. 284, 93 Ct.Cl. 386].

"Although as stated above, it does not appear that any benefit could be derived from the holding of a conference, the hour of 10:00 a.m. on May 27, 1941, has been reserved for the purpose of a conference if you wish to appear, notwithstanding the position of the Bureau."

On June 12, 1941, the Commissioner addressed a letter to the F. W. Fitch Company in which the Commissioner reiterated his statement that the Bureau holds that advertising and selling expenses are not allowable as deductions prior to June 30, 1939, and further stated: "Neither you nor your representative appeared for the conference on May 27, 1941, and it is assumed that you do not care to pursue the matter further. Your claim is, therefore, rejected in full."

And after this, is the following: "Regardless of the foregoing, no allowance could be made with respect to your claim in view of section 621 (d) of the Revenue Act of 1932 and section 3443 (d) of the Internal Revenue Code [26 U.S.C.A. Int. Rev.Code § 3443 (d)] since, although you have stated that you did not collect the tax from your customers or include it in your selling price, you have not produced evidence to substantiate your statement."

From the foregoing and other correspondence it is apparent that immediately upon the filing of the claim by the taxpayer the Commissioner took the position that he would not refund advertising and selling expenses as manufacturer's costs on any claim for refund of taxes prior to June 30, 1939; that any conference or hearing on the taxpayer's claim for refund prior to June 30, 1939, would be futile and ineffective, as the Bureau was committed to a refusal of such claims made prior to June 30, 1939; that it would adhere to the decision in the case of Ayer Co. v. United States, 38 F.Supp. 284, 93 Ct.Cl. 386, and would not follow the Campana case, supra.

Its position that additional evidence was necessary before the Commissioner would consider the merits, referred to the claim of the taxpayer for refund of the taxes paid subsequent to June 30, 1939, afterwards waived by the taxpayer.

The statement in the letter from the commissioner dated June 12, 1941, following the rejection of the claim in full, to the effect that the allowance could not be made in any event because of the failure to file the additional evidence, appears to be an afterthought and would not, in my opinion, affect the waiver of the filing of such evidence which the Commissioner had clearly indicated in his former communications.

It seems to me that on the entire record and considering these letters and by the refusal to consider proffered proof the Commissioner has waived any statutory requirements or its own regulations regarding the necessity of the filing of evidence establishing that the taxpayer had borne the burden of the tax. Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253; Bonwit Teller & Co. v. United States, 283 U.S. 258, 264, 51 S.Ct. 395, 75 L.Ed. 1018; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 858; United States v. Garbutt Oil Co., 302 U.S. 528, 533, 58 S.Ct. 320, 82 L.Ed. 405; University Distributing Co. v. United States, D.C., 22 F.Supp. 794; Shotwell Mfg. Co. v. Harrison, D.C., 27 F.Supp. 422;

Gottlieb & Co. v. Harrison, D.C., 27 F.Supp. 424; Con-Rod Exchange v. Henricksen, D. C., 27 F.Supp. 427; S. & R. Grinding & Machine Co. v. United States, D.C., 27 F.Supp. 429.

The case of Samara v. United States, 2 Cir., 129 F.2d 594, relied upon by the Government is not in point as it involved a different statute and the question of waiver was not present.

■ In determining the question of whether or not advertising and selling expenses are proper deductions as part of manufacturer's costs, I feel that I am bound to follow the decision of a Circuit Court of Appeals rather than that of the Court of Claims.

The Government also contends by apt objections to the evidence during the trial and in argument that the taxpayer was not entitled to introduce evidence different from that presented in its claim to the Commissioner.

The Government here again relies upon the Samara case, supra, but the court there was considering a statute which required all the evidence relied upon by the taxpayer to support its claim that it bore the entire burden of the tax to be filed with the commissioner, and decision by the commissioner was on the merits.

■ The general rule, as I understand it, is that the trial here is de novo, the evidence not being limited to that presented to the commissioner but new and additional evidence may be adduced. Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L. Ed. 253; United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131; Fidelity & Columbia Trust Co. v. Lucas, D.C.W.D.Ky., 7 F.2d 146; Paul Jones & Co. v. Lucas, D.C., 33 F.2d 907, affirmed, 6 Cir., 64 F. 2d 1016.

■ And recovery may be had for a sum less than the amount of the refund asked by the claim. United States v. Rindskopf, supra.

■ The only limitation is that recovery can only be had on the grounds presented to the commissioner. Taber v. United States, 8 Cir., 59 F.2d 568, 571; Paul Jones & Co. v. Lucas, supra.

The claim, of course, must be in sufficient detail to apprise the Commissioner of the grounds upon which the refund is asked to facilitate research by him. United States v. Garbutt Oil Co., 302 U.S. 528, 533, 58 S. Ct. 320, 82 L.Ed. 405; Lee Wilson & Co. v. Commissioner, supra.

I am satisfied and find that the evidence introduced by the taxpayer was based upon grounds of recovery set forth in its claim and was sufficient in detail to apprise the commissioner of its claim, and further evidence would have been adduced before the commissioner had it not been for his position that recovery could not be had for refunds prior to June 30, 1939, as a matter of law.

I am resolving the case in favor of the taxpayer, and the attorneys for the F. W. Fitch Company may prepare findings of fact and conclusions of law in keeping with the findings of fact and conclusions of law made or suggested herein, and exceptions are allowed.