## DIAMOND & BAUM, Inc., v. SHEA.

District Court, S. D. New York.
June 23, 1943.

Irving Gassner, of New York City, for plaintiffs.

Mathias F. Correa, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for defendant.

BRIGHT, District Judge.

The defendant moves to dismiss the complaint or for summary judgment. The action is brought to recover $11,310.44, alleged to have been collected by the defendant's predecessor in office, pursuant to Section 604 of the Revenue Act of 1932, Act of June 6, 1932, Chapter 209, 47 Stat. 169–289, 26 U.S.C.A. Int.Rev.Acts, page 609, § 604, as excise taxes upon fur trimmed garments manufactured and sold by plaintiff in July, August, September and October, 1932. On July 5, 1934, within the time prescribed by the statute, a claim for refund was duly filed with the Collector of Internal Revenue, the basis of which was that plaintiff had not included the excise tax in the sale price at which the garments were billed to its customers, and that the tax had been absorbed by it.

It appears without dispute that on May 18, 1935, the Collector of Internal Revenue wrote to plaintiff requesting that it submit evidence in the form of a cost analysis of the several style numbers of fur articles, the sales of which it contended were not subject to tax, showing with respect to each style number the several component materials used in the manufacture of the completed article, the respective cost of each of the materials after they had been completely prepared and where nothing remained to be done except the assembling of the component parts. It was also requested that plaintiff submit copies of several invoices covering the sales showing exactly how the articles were billed to the purchasers, together with a statement showing the method used by it in computing the tax. In view of Section 621(d) of the Act, 26 U.S.C.A. Int.Rev.Acts, page 621, it was stated that it would be necessary for plaintiff to submit a sworn statement showing whether the tax so included in the price, or

collected from the purchaser, or if so included or collected, had been repaid, or whether plaintiff had received the written consent of each ultimate purchaser to the allowance of the refund, in which event the written consent should accompany the sworn statement.

Apparently no attention was paid to this letter, for on July 12, 1935, plaintiff's attention was called to the letter of May 18, 1935, that the evidence requested had not been received and that if it were not furnished within thirty days, it would be necessary to proceed with the adjustment on the basis of the evidence in the file. No attention was paid to that letter, and on August 22, 1935, the Commissioner of Internal Revenue wrote that in view of plaintiff's noncompliance with the two previous letters and its failure even to communicate any reply to them, it was assumed that plaintiff did not care to pursue the matter further, and the claim was rejected for lack of evidence.

■ Defendant now claims that in this action the determination of whether defendant properly rejected plaintiff's claim must be made upon the evidence submitted before the Commissioner, and that inasmuch as no such evidence had been submitted, although requested, the complaint must be dismissed under Samara v. United States, 2 Cir., 129 F.2d 594, certiorari denied 317 U.S. 686, 63 S.Ct. 258, 87 L.Ed. ——. Plaintiff opposes, contending that a case exactly similar to the present has been tried, with a result favorable to the plaintiff, and that there should be a trial here, Biermann v. Shea, D.C., 28 F.Supp. 213; and that in any event, the Samara case is not controlling.

Section 604 imposed a manufacturer's excise tax of 10% of the price for which sold upon articles made of fur on the hide or pelt or of which any such fur was the component material of chief value, sold by a manufacturer, producer or importer. Section 621, relating to credits and refunds, provides in subdivision (d) that no overpayment of tax "shall be credited or refunded * * * in pursuance of a court decision or otherwise, unless the person who paid the tax establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that

he has repaid the amount of the tax to the ultimate purchaser of the article, or unless he files with the Commissioner written consent of such ultimate purchaser to the allowance of the credit or refund". Under Section 628 of the Act, 26 U.S.C.A. Int.Rev.Acts, page 624, the Commissioner, with the approval of the secretary, is directed to prescribe and publish all needful rules and regulations for the enforcement of the title, insofar as it relates to the taxes on articles sold by the manufacturer, producer or importer.

Under the section last mentioned. Article 71 of Regulations 46 was prescribed, and provides, insofar as material, that in all cases where a person overpays tax, no credit or refund shall be allowed unless the taxpayer files a sworn statement "explaining satisfactorily the reason for claiming the credit or refund and establishing" (1) that he has not included the tax in the price of the article, or collected the amount thereof from the vendee, or that he has either repaid the amount of the tax to the ultimate purchaser or secured the latter's written consent to the allowance of the credit or refund, in which case the written consent must accompany the sworn statement. The regulations further provide that the statement supporting the credit or refund "must also show whether any previous claim for credit or refund covering the amount involved, or any part thereof, has been filed with the Collector or Commissioner".

■ The burden obviously was upon the plaintiff to explain satisfactorily the reason for claiming the refund and to furnish the necessary proof required in that respect. It did not do so although requested and clearly warned what would be the result of its failure. Biermann v. Shea is not to the contrary. There it was conceded that taxes were erroneously paid by plaintiff. Here it is denied. There detailed break-downs of cost were submitted in support of the claim. Here, although requested, none was furnished. On the contrary, I think this motion is ruled by the Samara case. The claim for a refund there, as here, was apparently sufficient except that no evidentiary facts were submitted. The burden was upon the taxpayer there, as here, to establish in accordance with regulations and to the satisfaction of the Commissioner, that he had borne the burden of the tax. There, as here, the claimant was notified of the

286

need for further proof; upon his failure to reply, was further advised that in thirty days it would be necessary to proceed with the adjustment of the claim on the basis of the evidence on file; and that notice being disregarded, the claim was rejected. It was decided that a taxpayer who brings a suit after a claim for refund has been denied can rely for recovery only on the grounds presented to or considered by the Commissioner; that the purpose of the requirement is to afford an opportunity for administrative adjustment without suit; that new facts which the Commissioner has not had the opportunity to pass upon cannot be adduced at the trial; and that there would be no hardship in applying such a rule, for plaintiff there, as here, had been repeatedly warned by the Commissioner's letters.

The complaint is, therefore, dismissed upon the merits, with costs.