**TOILET PRODUCTS, Inc., v. HIGGINS, Collector of Internal Revenue.**

District Court, S. D. New York.

Oct. 7, 1943.

Harry J. Leffert, of New York City, for plaintiff.

James B. M. McNally, U. S. Atty., of New York City (William L. Lynch and John B. Creegan, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

RIFKIND, District Judge.

The complaint seeks the recovery of alleged overpayments of manufacturer's excise taxes, Section 603 Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 608. Before answer, the defendant moves for an order dismissing the complaint or for summary judgment. The nature of the defendant's objection is such that it is more convenient to treat the motion as one for summary judgment.

The plaintiff filed 24 claims for refund, asserting the erroneous overpayment of excise taxes for each of 24 months, commencing October, 1936, and terminating September, 1938. The last 18 claims contain the following declaration: "The taxpayer has neither collected the excise tax so paid, from its customers as a separate item nor included it in its selling price." The first 6 claims do not contain such a declaration. On December 16, 1942, after the first 6 claims had been rejected, plaintiff filed amended claims supplying the quoted declaration. All of the 24 claims were rejected and no action was taken by the Commissioner of Internal Revenue on the amended claims.

This action was begun within two years of the rejection of the claims. Each rejection was on the merits and in addition, with a single exception, the rejection was also founded on the failure of the taxpayer to produce evidence to show that the tax had not been passed on to the taxpayer's customers. The language used by the Commissioner was as follows: "Regardless of the foregoing, [rejection on the merits] no allowance could be made with respect to your claim in view of Section 621(d) of the Revenue Act of 1932 [26 U.S.C.A. Int. Rev.Acts, page 621], which prohibits the Commissioner from allowing a refund of any overpayment of tax under Title IV of the Revenue Act of 1932 [26 U.S.C.A. Int. Rev.Acts, page 603 et seq.], except as provided by Section 621(a), unless the person claiming the refund establishes that he has neither collected the tax from his customers as a separate item nor included it in the selling price of his product or, if he has collected the tax as a separate item or included it in his selling price that he has either refunded the amount of the tax to the ultimate purchaser or has received the written consent of each ultimate purchaser to the allowance of the refund."

It is conceded that plaintiff did not submit such evidence; and upon that ground

the defendant contends that plaintiff's action must fail. Section 621(d), Revenue Act of 1932, Article 71, Regulation 46 (1932 Edition).

For the construction and effect of the cited statute and regulation, defendant relies on Samara v. United States, 2 Cir., 1942, 129 F.2d 594, certiorari denied, 317 U.S. 686, 63 S.Ct. 258, 87 L.Ed. ——. Cf. Bethlehem Baking Co. v. United States, 3 Cir., 1942, 129 F.2d 490. The Samara case which arose under the Agricultural Adjustment Act of 1933, 49 Stat. 1739, 7 U.S.C.A. § 615, held that upon the trial, after rejection of the claim by the Commissioner, the taxpayer was precluded from offering evidence not presented for consideration by the Commissioner. The rule of the Samara case was applied in this district to a claim for refund of excise tax. Diamond & Baum, Inc., v. Shea, D.C.S.D.N.Y. June 23, 1943, 52 F.Supp. 284.

There is one fact present in both the Samara and Diamond cases which is absent from the case under consideration. In the former cases the Commissioner, in each instance, wrote to the taxpayer asking for evidence to support the assertion that the tax had not been passed on. No such request was made in the instant case. In the Samara case the Court adverted to the Commissioner's request: "There is certainly no hardship in applying such a rule in the case at bar, for the plaintiff was repeatedly warned by the Commissioner's letters." Ibid, page 598 of 129 F.2d. A similar comment appears in the Diamond case. The question therefore resolves itself as to whether this omission should make a difference in the result.

It is clear that the statute, Section 621, does not prescribe that the evidence shall accompany the claim. Since in both the Samara and Diamond cases the Commissioner asked for additional evidence it would appear that the Commissioner has construed the statute to permit reception of evidence after the filing of the claim. Nor can the regulations be construed as prescribing simultaneous submission of claim and evidence. It provided that no claim for refund or credit shall be allowed "unless the taxpayer files a sworn statement explaining satisfactorily the reason for claiming the credit or refund and establishing (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that he has either repaid the amount of the tax to the ultimate purchaser of the article or has secured the written consent of such ultimate purchaser to the allowance of the credit or refund." Whether the statement shall accompany the claim or shall be submitted only when the Commissioner has indicated that the claim is good upon its face and that he desires supporting data establishing its allegation, is left entirely to conjecture. Without so deciding, it is possible to infer that since the claim here involved was and still is the subject of a conflict of authority[1] the taxpayer desired to file his claim and avoid the expense of collecting the evidence until the Commissioner indicated that he would follow the line of decisions favorable to the taxpayer; and the Commissioner likewise having decided to follow the contrary line of authority was not interested in evidence on the issue of taxpayer's absorption of the tax.

Even if proof must, under the Regulations, accompany the claim, a trier of the facts may, here, find a waiver by the Commissioner of that requirement. Samara v. United States, supra; Tucker v. Alexander, 1927, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253; United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 533, 58 S.Ct. 320, 82 L.Ed. 405; United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619.

As to the 18 claims the defendant's motion for summary judgment is, therefore, denied.

A different conclusion must be reached with respect to the first 6 claims. At the time these were amended, on December 16, 1942, they were barred by the four-year statute of limitations. Section 3313, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3313. It was then inadmissible to amend the original claim by

---

[1] Ayer Co. v. United States, 1941, 38 F. Supp. 284, 93 Ct.Cl. 386; Inecto, Inc. v. Higgins, D.C.S.D.N.Y., 1937, 21 F.Supp. 418; Luzier's, Inc. v. Nee, D.C.W.D.M. 1938, 24 F.Supp. 608, affirmed, 8 Cir., 106 F.2d 130, on other grounds, certiorari denied, 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008. Contra: Campana Corp. v. Harrison, 7 Cir., 1940, 114 F.2d 400; F. W. Fitch Co. v. United States, D.C.S.D. Iowa 1943, 52 F.Supp. 292; Campana Corp. v. Harrison, 7 Cir., 1943, 135 F.2d 334.

adding a new ground. United States v. Andrews, 1938, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405.

The defendant's motion is granted with respect to the first 6 claims, and otherwise denied.