436

## SERVEL, Inc., v. SMITH, Collector of Internal Revenue.
### No. 593.

District Court, S. D. Indiana.
Dec. 13, 1943.

Isidor Kahn and Harry P. Dees, both of Evansville, Ind., and Chadbourne, Hunt, Jaeckel & Brown and Leland T. Atherton, all of New York City, for plaintiff.

B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., Samuel O. Clark, Jr., Asst. Atty. Gen., and Frank J. Ready, Andrew D. Sharpe, and Clarence E. Dawson, Sp. Assts. to Atty. Gen., for defendant.

EVANS, Acting District Judge.

This is an action to recover an overpayment of excise taxes in the sum of $50,281.59.

Defendant filed an affidavit and then moved the court to dismiss the complaint because (a) the complaint fails to state a cause of action against the defendant; (b)

plaintiff's claims for refund are defective and insufficient; and (c) because plaintiff has failed to comply with the provisions of Sec. 621(d) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 3443 (d), and Article 71 of Regulations 46, promulgated thereunder, and therefore this court has no jurisdiction of suit. This motion is before me for disposition. I have been favored by counsel with oral argument and written briefs.

Plaintiff raises certain questions in regard to the filing of the affidavit, which affidavit has numerous exhibits attached to it.

I am convinced that the defendant's affidavit in support of its motion to dismiss should be received and considered by the court regardless of the theory of the motion based thereon. The court will treat the affidavit as properly filed. See Rule 1, Rule 12(b), and Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; also see Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84, 93; Lucking v. Delano, 6 Cir., 129 F.2d 283, 285; Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 93.

With the affidavit and the complaint both before me, I am convinced that a factual issue is raised which prevents the court from disposing of the case on this motion for summary judgment. Karl Kiefer Machine Company v. United States Bottlers Machinery Company, 7 Cir., 113 F.2d 356.

There is a stronger reason for denying the motion which goes to the merits of the case,—to the controversy over which the parties are contending. In other words, if the fact statement of the affidavit be accepted, I am still of the opinion that the plaintiff would be entitled to maintain its action.

The heart of the controversy turns upon the meaning and construction of the language of Sec. 621(d) and Regulations 46, Art. 71. To be even more specific, and in the last analysis, we must look to the meaning of the words "in case of a readjustment of price by reason * * * of a bona fide discount, rebate, or allowance * *," in the Regulations in effect when this asserted right to refund arose.

The decision must turn upon whether the plaintiff who refunded to the purchaser of its refrigerator two dollars on each refrigerator sold, provided the retailer locally advertised the product to the extent of six dollars may thereby reduce the base upon which the excise tax is computed.

I think he can. In reaching this conclusion, I am convinced that the plaintiff's claim is founded on Sec. 621 (a) (2) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Code, § 3443(a) (2), and that its advertising allowance and expenditure did constitute a bona fide discount,—a reduction in the sale price of its refrigerators so as to bring plaintiff's claim within Sec. 621 (a) (2).

And finally, I am convinced that if plaintiff comes within Sec. 621(a) (2) it was not barred by virtue of Sec. 621(d).

On the merits it is hardly necessary to add that I am not following the decision of the court in Ayer Co. v. United States, Ct. Cl., 38 F.Supp. 284. I am not convinced that allowance on purchase price for local advertisement by a retailer, the purchaser, should be put in a separate class from other ordinary "discount, rebate, or allowance" if bona fide. It seems to me, the extent to which the manufacturer gives credit to the retailer, for local advertisement, should be deducted from the purchase price on which the excise tax is properly computed. Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400. See also opinion of Judge Dewey in F. W. Fitch Co. v. United States, D.C., 52 F.Supp. 292.

Important also is the fact contention that defendant waived its right to invoke Sec. 621(d) of the Revenue Act of 1932, or Section 3443(d) of the Code by rejecting plaintiff's claim on its merits. Whether such was the basis of the rejection can not and is not disposed of by the court on this motion for summary judgment. I cannot assume that it was not the basis of the rejection. Nor can I assume that it was. In the face of the pleadings and the affidavits, I must hold that proof is required which prevents disposition of the case on motion for a summary judgment. Of course, this would not be so, if denial of a claim on the merits by the Collector or the Commissioner does not constitute a waiver of its right to rely on 621(d). Frankly I am in doubt about that, but lean to the view that it does not constitute a waiver. So I put my decision on the ground that neither Section 621(d) of the 1932 Revenue Act or 3443(d) applies to a case where the parties (vendor and vendee) are

correcting the sales price of an article sold by a manufacturer to a retailer, upon which an excise tax is due.

If the plaintiff can, on the trial, sustain the facts set forth in its complaint, it will be entitled to a judgment for the amount it has overpaid.

The motion to dismiss the plaintiff's complaint is denied.