380

## UNITED STATES v. F. W. FITCH CO.
### No. 12749.

Circuit Court of Appeals, Eighth Circuit.
March 29, 1944.

Frederic G. Rita, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and A. F. Prescott, Sp. Assts. to the Atty. Gen., Maurice F. Donegan, U. S. Atty., of Des Moines, Iowa, and Cloid I. Level, Asst. U. S. Atty., of Des Moines, Iowa, and William R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, on the brief), for appellant.

Arnold F. Schaetzle and Richard E. Williams, both of Des Moines, Iowa (Haemer Wheatcraft, of Des Moines, Iowa, on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question presented by this appeal is whether § 619(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 267, 26 U.S.C.A. Int.Rev.Acts, page 618, authorized the deduction of advertising and selling expenses in computing the price upon which the manufacturers' excise tax imposed by § 603 of the Act, c. 209, 47 Stat. 169, 261, 26 U.S.C.A. Int.Rev.Acts, page 608, is based.

Section 603 of the Revenue Act of 1932 imposed an excise tax upon toilet preparations sold by manufacturers, producers and importers, equivalent to a certain percentage of "the price for which so sold." Section 619(a) of the Act provided:

"In determining, for the purposes of this title, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this title, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required by the foregoing sentence to be included) shall be excluded from the price only if the amount thereof is established to the satisfaction of the Commissioner, in accordance with the regulations."

The appellee, during the tax period October 1, 1936, to and including the month of June, 1939, manufactured and sold toilet preparations which were subject to the excise tax. In computing prices in its monthly excise tax returns it made no deductions for its advertising or selling expenses. In October, 1940, it filed a claim for a refund of $67,666.39 based upon its failure to deduct such expenses in determining prices. The Commissioner of Internal Revenue denied the claim for refund upon the ground that, under § 619 (a), advertising and selling expenses were

not deductible in determining selling prices. The appellee brought this action to recover its alleged overpayment of excise taxes. The case was tried without a jury. The District Court determined that the appellee was entitled to deduct advertising and selling expenses in computing its prices on toilet preparations. subject to the excise tax, and that its failure to take these deductions had resulted in overpayment of its taxes to the extent of $59,718.88, which it was entitled to recover with interest. A judgment was entered accordingly, and this appeal followed.

The words of § 619(a) which give rise to this controversy are the words "or other charge" found in the second sentence of the section, which sentence, so far as pertinent, reads: "A transportation, delivery, insurance, installation, or other charge * * * shall be excluded from the price * * *." The appellee argues that the plain meaning of this language is that all nonmanufacturing costs are to be excluded by a manufacturer in determining selling price for the purposes of the excise tax. The government contends that no authorization for excluding advertising or selling expenses can reasonably be deduced from the words "or other ·charge" in the light of their context or the legislative history of the statute.

The appellee's construction of § 619(a) is sustained by the decisions of the Circuit Court of Appeals of the Seventh Circuit in Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400, 411, and Campana Corporation v. Harrison, 7 Cir., 135 F.2d 334, 336. The government's interpretation of the section is supported by the Court of Claims in Ayer Co. v. United States, 38 F.Supp. 284, 289. The court below. was of the opinion that the construction placed upon § 619(a) by the Circuit Court of Appeals of the Seventh Circuit was correct.

■ It seems clear to us that the words "or other charge" must be taken and understood to mean "or other like charge". This because of the familiar rule of ejusdem generis. United States v. Gilliland, 312 U.S. 86, 93, 61 S.Ct. 518, 85 L.Ed. 598. We do not regard the expense of advertising and selling an article as being substantially similar to a charge for the transportation, delivery, insurance, or installation of the article sold. The charges expressly specified in § 619(a) to be excluded in determining the manufacturer's price for the purpose of excise tax are not manufacturing costs, but they obviously have little or no relation to expenditures made by the manufacturer to create a market for or to sell his products. It is possible, of course, that Congress may have intended that, for the purpose of the excise tax, the price should not include the manufacturer's advertising and selling expense, but, if so, the intent was very inadequately expressed. The legislative history of § 619(a), we think, shows no clear Congressional purpose to exclude advertising and selling costs in determining the price of articles subject to the excise tax.

In Helvering v. Rebsamen Motors, Inc., 8 Cir., 128 F.2d 584, 587, 588, this Court said: "One may honestly and reasonably believe that in drafting a taxing act Congress uses the language which most nearly expresses the legislative intent, and that if the language used fails properly to express that intent, corrections should be made by Congressional action and not by Treasury regulations or. by judicial construction."

■ In the Revenue Act of 1939, enacted June 29, 1939, c. 247, § 3(a), 53 Stat. 863, 26 U.S.C.A. Int.Rev.Acts, pages 1167, 1168, Congress provided that, in determining the selling price of articles subject to the manufacturers' excise tax on toilet preparations, there should be excluded "a transportation, delivery, insurance, or other charge, and the wholesaler's salesmen's commissions and costs and expenses of advertising and selling," but made this amendment effective "only with respect to sales made after the date of the enactment of this Act." The changes made in the statute in 1939 are not, we think, of controlling significance in determining the intent of Congress in enacting § 619(a) of the Revenue Act of 1932. Compare Helvering v. Rebsamen Motors, Inc., supra. These changes indicate, however, that it was not the understanding of the Congress which made them that prior to June 29, 1939, advertising and selling costs were deductible in determining the selling price of an article subject to the excise tax.

■ While we dislike to differ with the Circuit Court of Appeals of the Seventh Circuit with respect to the construction of § 619(a) of the Revenue Act of 1932, it is our opinion that that section reasonably may not be construed as authorizing a manufacturer to deduct advertising and

selling expenses in determining the prices of his products subject to the excise tax.

The judgment appealed from is reversed, and the case is remanded, with directions to enter a judgment dismissing the appellee's complaint.