## KIN–SEPTIC CO. v. UNITED STATES.

### No. 46202.

Court of Claims.

Feb. 4, 1946.

* Contents price is the actual price (plus tax) paid by the York Pharmacal Company to the Kin-Septic Company.

Theodore B. Benson, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

The plaintiff sues for a refund of manufacturer's excise tax imposed under Section 603 of the Revenue Act of 1932, 47 Stat. 169, 261, 26 U.S.C.A. Int.Rev.Acts, page 608, for the period from January 1, 1934, to August 31, 1936.

Plaintiff is a manufacturer of cosmetics which were bottled, packed, and labeled, and sold through another corporation. One individual owned more than 90 percent of the common stock of the plaintiff

corporation and more than 95 percent of the stock of the other corporation. He was the president and manager of both corporations. The same building and the same employees were used by both corporations. The second corporation sold the cosmetics to the trade.

The question is whether the tax should be based on the price at which the commodities were furnished to the second corporation or whether it should be levied on the price at which the disposal corporation sold them to the trade.

Section 603 of the Revenue Act of 1932, supra, imposes a tax upon certain toilet articles sold by the manufacturer on a percentage of the price for which they are sold.

Section 619 of the act is as follows:

"(a) In determining, for the purposes of this title, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this title, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required by the foregoing sentence to be included) shall be excluded from the price only if the amount thereof is established to the satisfaction of the Commissioner, in accordance with the regulations.

"(b) If an article is—

"(1) sold at retail;

"(2) sold on consignment; or

"(3) sold (otherwise than through an arm's-length transaction) at less than the fair market price;

the tax under this title shall (if based on the price for which the article is sold) be computed on the price for which such articles are sold, in the ordinary course of trade, by manufacturers or producers thereof, as determined by the Commissioner.

"(c) In the case of (1) a lease, (2) a contract for the sale of an article wherein it is provided that the price shall be paid by installments and title to the article sold does not pass until a future date notwithstanding partial payment by installments, or (3) a conditional sale, there shall be paid upon each payment with respect to the article that portion of the total tax which is proportionate to the portion of the total amount to be paid represented by such payment." 26 U.S. C.A. Int.Rev.Acts, page 618.

The plaintiff corporation was organized in 1930. During the period involved in this proceeding plaintiff had outstanding 992 shares of common stock which were held as follows:

| | Shares |
|---|---|
| E. A. Henske | 950 |
| R. L. Henske (his wife) | 1 |
| G. Bass | 18 |
| Others | 23 |

During the same period the ownership of the 85 shares of preferred stock outstanding were held as follows:

| | Shares |
|---|---|
| E. A. Henske | 48 |
| R. L. Henske | 1 |
| G. Bass | 18 |
| Others | 18 |

From the time of its incorporation in 1930 through December 1933 toilet and other preparations were manufactured, bottled and labeled by plaintiff and sold to E. A. Henske, trading as an individual under the name of York Pharmacal Company. During that period the federal manufacturer's excise tax on such preparations was computed, reported and paid by plaintiff on the basis of prices at which the articles were sold to customers by the York Pharmacal Company. After December 1933 plaintiff sought to have the tax assessed and paid on the basis of the price at which it billed its goods to York Company instead of the price the York Company sold to the trade.

On January 1, 1934, a contract was entered into between the plaintiff and E. A. Henske trading as York Pharmacal Company, by the terms of which the Pharmacal Company was to purchase from the plaintiff the commodities at the actual cost of materials plus a profit of 20 percent and a guaranteed net profit of 7 percent on the par value of all outstanding stock. Shortly thereafter, on January 20, 1934, E. A. Henske caused the York Pharmacal Company to be incorporated and transferred to that corporation his rights and obligations under the contract of January 1, 1934, in exchange for 1,000 shares of its authorized capital stock of which he transferred one share

148

to R. L. Henske and 18 shares to G. Bass. Throughout the period involved in this proceeding the capital stock of the York Pharmacal Company continued to be held in the same manner.

At all times during the period involved plaintiff and the York Pharmacal Company occupied the same premises under a lease as joint lessees, and each paid one-half the rent. Both names at all times appeared on the transom over the entrance to the building. E. A. Henske was president of and managed both companies. Apparently the Commissioner of Internal Revenue concluded that notwithstanding he put on a new cap in the form of a contract on January 1, 1934, and a corporate suit of clothes January 20, 1934, he was still Mr. Henske; that he was still doing business at the same old stand, and that the primary purpose of the new arrangement was to reduce the amount of the tax.

The Commissioner determined the amount of the tax upon the basis of the prices at which the York Company sold at wholesale to the trade.

Plaintiff filed a timely claim for refund contending that the prices at which it sold to the York Pharmacal Company should be used as a basis. In the alternate it contended that the cost of selling should be eliminated.

The question is whether the Commissioner of Internal Revenue used the proper basis.

The exact question on a very similar set of facts was decided adversely to the contention of the plaintiff in the case of Ayer v. United States, 38 F.Supp. 284, 93 Ct.Cl. 386. Practically the same issues were involved in Bourjois, Inc., v. McGowan, 2 Cir., 85 F.2d 510, certiorari denied 300 U.S. 682, 57 S.Ct. 753, 81 L.Ed. 885; Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400. The reasoning in those cases need not be repeated here.

█ Plaintiff's alternate suggestion that the costs of selling should be eliminated was decided adversely by the Supreme Court in the case of F. W. Fitch Co. v. United States, 323 U.S. 582, 65 S. Ct. 409.

The fact that the ownership of the stock of both corporations was so nearly complete in one man who managed both corporations, that he used the same premises and the same employees, makes it

impossible to escape the conclusion that the Commissioner was right in treating them as one organization for the purpose of calculating the manufacturer's excise tax involved in this suit.

The petition will be dismissed. It is so ordered.

WHALEY, Chief Justice, and WHITAKER and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.